## THE STATE v. MAX L. SIMENSON, Appellant.

### Division Two, January 4, 1915.

1. **INSTRUCTIONS: Defendant's Statements Out of Court: Whether Voluntarily Made.** A proper instruction in a criminal trial on the weight as evidence of the defendant's statements out of court is approved, and the question whether or not they were voluntary need not be embodied therein.

2. ———: ———: ———: **Collateral Matter.** Whether or not statements made out of court by a defendant in a criminal trial were voluntary, is a collateral matter upon which the court is not bound to instruct unless so requested by the defendant.

3. **SUPPLEMENTARY MOTION FOR NEW TRIAL: Filed Out of Time.** A supplementary motion for a new trial in a criminal case filed five days after verdict is invalid as filed out of time.

4. **RECEIVING STOLEN GOODS: Verdict: Knowing Them "to be Stolen."** The use of the words "knowing them to be stolen," instead of "to have been stolen," in a verdict finding the defendant guilty of receiving stolen goods, does not invalidate the verdict.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones,* Judge.

AFFIRMED.

*William E. Fish* and *Roy E. Fish* for appellant.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

ROY, C.—Defendant was convicted of receiving stolen goods, knowing that they had been stolen, and his punishment was fixed by the jury at two years in the penitentiary.

Receiving Stolen Goods.

During the night of January 10, 1913, about 56 pairs of trousers and 36 coats were stolen from the factory of the Schwab Clothing Company at Broad-

way and Hickory street in St. Louis. About the 3d or 4th of February following, those goods were found in the place of business of the defendant near Broadway and Chouteau avenue. The defendant was a merchant tailor, with several men in his employ. When found most of the goods were out of sight; some were hidden in an old telescope valise, some were in the bottom of a large show case covered with cloths; a few were hanging in sight of the casual observer.

Officer Archey testified that when he went to defendant's place of business he told defendant that he (witness) had information that he (defendant) had there in his place some goods stolen from Schwab Clothing Company, and that defendant answered that he didn't have any made up clothes of any kind; didn't handle suits. He further testified that upon making search of defendant's place the goods were found, and that he then asked defendant where he got the goods, to which defendant answered that some young fellow came round and he got them off of him, that he (defendant) said that he thought the man owned the goods and he bought them. Defendant was then placed under arrest.

Officer Amrein testified that defendant when asked whether he had such goods said that he did not have them, that his was a repair shop and that he didn't have any suits of clothing at all.

Edward Allen, a tinner, testified that he went into defendant's place in January, 1913, in the morning, and that there was a man there with a box of clothing which he sold to the defendant, giving the defendant a piece of white paper and that defendant paid the man some money.

Defendant testified that he had been a merchant tailor in St. Louis fourteen years and in the clothing business two years, a kind of a jobber. He testified that he had bought probably a dozen lots of clothing at different times; that on January 11, 1913, he bought

of B. Shrinder the goods that were found in his shop; that Shrinder had a tailor shop at Seventh and Franklin, third floor, and made clothes for defendant for two or three years. He testified that he did not know what had become of Shrinder. The State did not introduce any evidence as to Shrinder or his business.

Mr. Lavin testified that about three years before the trial he sold defendant a lot of pants amounting to $225.

Defendant testified that he got a bill of sale for the goods bought by him from Shrinder. That bill showed that he paid $60 for the goods. An expert witness for the State testified that the goods found in defendant's possession were worth $212.

It was admitted by counsel for defendant at the trial that the property which was exhibited at the trial was the property of the Schwab Clothing Company.

There was some evidence that the reputation of defendant for morality was good.

The ninth instruction for the State was as follows:

"If you believe and find from the evidence that the defendant made any statement or statements in relation to the offenses charged in the information after such offense is alleged to have been committed, you must consider such statement or statements all together. The defendant is entitled to what he said for himself if true, and the State is entitled to the benefit of anything he may have said against himself in any statement or statements proved by the State. What the defendant said against himself, if anything, the law presumes to be true, unless negatived by some other evidence in the cause, because said against himself. What the defendant said for himself, the jury may believe or disbelieve as it is shown to be true or false by the evidence in this case. It is for the jury to consider under all the facts and circumstances in evidence in this case, how much of the whole statement or state-

ments of the defendant proved by the State, if any, the jury, from the evidence in the case, deem worthy of belief.''

There was no evidence in the case on the question as to whether the statements of defendant to the police officers were voluntary or otherwise. The verdict was as follows:

''We, the jury in the above entitled cause, find the defendant guilty of receiving stolen property of the value of thirty dollars ($30) or more, knowing the same to be stolen as charged in the second count of the information, and assess the punishment at imprisonment in the penitentiary for two years.''

There was no request by the defendant that the court should instruct on the question as to whether the statements of defendant were voluntary; nor was that point suggested at the trial or in the motion for a new trial. Five days after the rendition of the verdict the defendant filed a supplementary motion for new trial which contained the following:

''5th. The court erred in giving instruction No. 9, as said instruction fails to instruct the jury that statements made by the defendant were 'voluntary' statements.''

I. Appellant insists that instruction 9 is a comment on the evidence and calls the jury's attention specially to the defendant's testimony. He also says that this court has in case after case cautioned judges not to use such an instruction.

<div style="margin-left:2em">Defendant's Statements Out of Court: Instructions.</div>

We call attention to the first words of that instruction, ''If you believe and find from the evidence that the defendant made any statement,'' etc. Courts must act on the presumption that instructions are understood by the jury in their plain and obvious sense. They could clearly see that the ''statements'' referred to were such as were made by the defendant out of

court and not to such as were made by him on the witness stand. Counsel have refrained from giving us a list of the cases in which that instruction has been criticised. It was first used in this State in State v. Green, 13 Mo. l. c. 392. It was approved in State v. Carlisle, 57 Mo. l. c. 106; State v. West, 69 Mo. l. c. 406; State v. Curtis, 70 Mo. l. c. 600; State v. Young, 119 Mo. l. c. 525. The latter case said, "Although there is rarely any necessity for it, it does not constitute error." In State v. Darrah, 152 Mo. l. c. 541, it was said, "This instruction has proved to be a good workable instruction for many years, is not calculated to mislead a jury, and continues to command our approval." That instruction was again approved in State v. David, 226 Mo. l. c. 511. The language used in the instruction has not always been the same. In the present case it is to be commended for its accuracy and freedom from error.

Appellant contends that such an instruction should require the jury to find whether such statement was voluntary. There are many cases in which the defendant has the right to an instruction submitting to the jury the question as to whether such statements made by defendant were voluntary. There is no case which holds that such a proposition should be embodied in the instruction now under discussion. We do not here decide whether the defendant, on the facts in this case, was entitled to an instruction submitting to the jury the question as to whether defendant's statements were voluntary. We hold that it was not necessary to make such a proposition a part of the instruction under discussion. The question as to whether the court should have given an instruction on that proposition is not before us. That subject was not mentioned in the motion for a new trial. If the supplementary motion should be construed to raise that point,

*Whether Voluntarily Made.*

State v. Simenson.

**Supplementary Motion for New Trial: Filed Out of Time.** we must hold that the supplementary motion was invalid as it was filed out of time. Section 5285, Revised Statutes 1909, requires that the motion for a new trial shall be filed within four days after verdict. This requirement is mandatory. [State v. Maddox, 153 Mo. 471.] In Merrielees v. Railroad, 163 Mo. 470, it was held that all motions for a new trial and all grounds therefor must be filed within four days after the verdict. That was a civil case, but the statute is the same in criminal cases. Appellant **Collateral Matter.** is in no position to be heard on that question for another reason. That question was held in State v. Thomas, 250 Mo. l. c. 215, to be a collateral one on which the court is not bound to instruct unless so requested by defendant. No such request was made.

II. The use of the words "to be stolen" instead of the words "to have been stolen" does not invalidate **Verdict.** the verdict. In State v. McGee, 181 Mo. 312, it was held that a verdict of guilty of larceny from *a* person in the nighttime was not responsive to the charge of stealing from *the* person of the party named. In that case this court declined to pass on the question as to the curative effect of the words "as charged in the indictment," as the case was reversed on other grounds. In that case there was a radical difference between larceny from *a* person and larceny from *the* person. The statute was based on that distinction. In this case there is legally no difference between knowing the goods to be stolen and knowing them to have been stolen.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.