THE STATE v. BERNIS FRALEY, Appellant.—116 S. W. (2d) 17.

Division Two, May 3, 1938.

*Don C. Carter* for appellant.

*Roy McKittrick,* Attorney General, and *Frank W. Hayes,* Assistant Attorney General, for respondent.

WESTHUES, C.—Appellant was charged with stealing eight head of cattle in Shelby County, Missouri. A change of venue was granted and the case was tried in Macon County, resulting in a verdict of guilty and a punishment of two years' imprisonment in the penitentiary. An appeal was duly taken.

Appellant and Denver Hirrlinger, Carl Taylor and Clay Reed were jointly charged with the theft. A severance was granted and appellant, Bernis Fraley, was tried in this case. The evidence on the part of the State justifies the finding that appellant and Hirrlinger, on the evening of March 13, 1934, loaded eight head of cattle, belonging to one Lee Greenly, into a truck and transported them to the National Stock Yards at Kansas City, where they were sold. The State introduced evidence, by witnesses Cook and Glahn, who owned trucks, that Hirrlinger and appellant attempted to employ them to take a load of cattle to Kansas City. These witnesses were positive in their testimony that this occurred on March 13. Two negro boys testified that Hirrlinger and appellant employed them to help drive the cattle, on the Greenly place, into a barn and later help load these cattle into a truck. Howard Burch testified that he owned a Ford truck and that Hirrlinger and appellant employed him to transport a load of cattle to Kansas City, Missouri; that he did so and was accompanied to the stockyards by appellant, who paid him $20 for the trip. Appellant's grandfather was the owner of the cattle. He testified, as a witness, that he had a habit of looking at his cattle about every two weeks. The cattle were located some distance from his home on a tract of land containing about six hundred and forty acres. He also testified that on March 14, he and his grandson, the appellant, went to see the cattle, and, although he did not count them, he was satisfied they were all there; that on April 7, eight head were missing. The description of the cattle that were missing corresponded with the description of the cattle that appellant was alleged to have taken to Kansas City, as testified to by other witnesses. According to all the evidence of the State the offense was committed on March 13. The State's theory was, that Mr. Greenly either failed to notice that the cattle were missing on March 14, or was mistaken as to the date. Other facts will be stated in the course of the opinion.

Appellant filed an application for a continuance, alleging that

Denver Hirrlinger had been duly subpoenaed as a witness but was absent because of illness. A certificate of a doctor was offered in evidence in support of the application. It was alleged, that this witness would testify to facts which appellant could not prove by any other witness; particularly, that this witness would deny the evidence of Howard Burch and the two colored boys concerning appellant's connection with the theft; that this witness would deny he was with appellant at any time, as testified to by the witnesses; also, that Hirrlinger would deny that he and appellant had attempted to employ Cook and Glahn to haul the cattle. The trial court denied the application for a continuance. This ruling was preserved for our review. A close question is presented upon the record. The trial court heard evidence upon the application. We need not decide the point because the case must be remanded, and the same situation will not likely be present at another trial. The same is true as to the overruling of appellant's application for disqualifying the sheriff, and appellant's objection to portions of the prosecuting attorney's closing argument.

The trial court gave an instruction, usually given in larceny cases, the substance of which was, that if the jury should believe and find from the evidence that the defendant, at any time during the month of March, 1934, stole eight head of cattle belonging to Greenly, then they should find the defendant guilty and assess a punishment as prescribed by the law. The instruction concluded as follows:

". . . and unless you so find and believe from the evidence you should acquit the defendant."

Appellant offered a converse instruction which read as follows:

" 'The Court instructs the jury that if you find and believe from all the evidence in this case that the defendant, Bernis Fraley, in the County of Shelby, in the State of Missouri, on the 13th day of March, 1934, did not feloniously and wrongfully, steal, take and carry away from the farm of Lee Greenly, in Shelby County, Missouri, eight (8) head of cattle, the property of the said Lee Greenly, then you must acquit the defendant.' "

This instruction was refused, and appellant assigned this ruling as error. The State attempts to justify the ruling of the trial court on the following theory:

"Inasmuch as the court in the principal instruction closed the instruction with these words 'and unless you so find you should acquit the defendant,' it was unnecessary to give the converse instruction. In view of the foregoing authorities it was not error to refuse appellant's Instruction No. 4."

The State cited three cases in support of its contention. We will note these. In the case of State v. Hill, 329 Mo. 223, 44 S. W. (2d) 103, the judgment of conviction was set aside and the cause re-

manded for a new trial. With reference to the point in question this court said:

"Instruction 1, after requiring a finding of those facts, concludes with these words: 'And unless you so find you should acquit the defendant.' The converse of a positive instruction for the state should usually be given, when asked by a defendant charged with a crime. But instruction 1 covers the ground covered by the converse instructions Q and R which the court refused. We are not prepared to say that the failure to give those instructions on that account was error which would reverse the judgment, though they or instructions of like import could properly have been given."

It will be noted that the court did not directly pass upon the question now before us. In State v. Nasello, 325 Mo. 442, 30 S. W. (2d) 132, l. c. 141 (35, 36), the defendant did not offer a converse instruction and this court held that it was not the duty of the trial court to give such an instruction of its own motion. In the case of State v. Messino, 325 Mo. 743, 30 S. W. (2d) 750, l. c. 762 (23, 24), this court held that the instruction offered by the defendant was erroneous, and also that the trial court gave a converse instruction in addition to the concluding part of the main instruction, which was, that unless the jury found the facts as therein hypothecated they should acquit the defendant. A research of other cases, however, discloses that this court, in State v. Sloan, 309 Mo. 498, 274 S. W. 734, l. c. 738 (6), ruled as follows:

"Error is assigned because the trial court refused to give four instructions asked by the defendant.

"We think said instructions are correct statements of law. The first three were converse instructions to the main instruction given by the court, and they should have been given unless covered in such main instruction. [State v. Majors (Mo.), 237 S. W. l. c. 488; State v. Hayes (Mo.), 247 S. W. l. c. 168; State v. Shields, 296 Mo. 404, 246 S. W. 932; State v. Carr (Mo.), 256 S. W. l. c. 1047.] However, the main instruction concluded with the words, 'and unless you so find the facts to be, you will acquit the defendant.' These words sufficiently submitted the converse of the main instruction, and the refusal of such converse instructions was not reversible error. [State v. Dougherty, 287 Mo. 82, l. c. 90, 228 S. W. 786.]"

In State v. Dougherty, 287 Mo. 82, 228 S. W. 786, l. c. 788 (7), no converse instruction was offered. This court held that the concluding portion of the main instruction, reading: ". . . unless you so find you will acquit," was sufficient. We have no fault to find with such a ruling in a case where a defendant did not offer a correct converse instruction. From the reading of these cases it will be noted that this court has consistently ruled that if a defendant offers a correct instruction, the converse of the State's main in-

struction, it must be given, unless sufficiently covered by other instructions. Some of the later cases so holding are: State v. Ledbetter, 332 Mo. 225, 58 S. W. (2d) 453, l. c. 454; State v. Buckner, 80 S. W. (2d) 167, l. c. 169; State v. Whitchurch, 339 Mo. 116, 96 S. W. (2d) 30, l. c. 34 (2, 3); State v. Day, 339 Mo. 74, 95 S. W. (2d) 1183, l. c. 1186 (9, 10); State v. Campbell, 84 S. W. (2d) 618, l. c. 620 (4); State v. Stewart, 29 S. W. (2d) 120, l. c. 123 (4).

Should a defendant be denied a correct converse instruction, offered by him, merely because the State's main instruction concludes with the words ". . . . and unless you so find you will acquit the defendant?" Our rulings, as in the Sloan case, supra, and a number of other cases, have authorized such action on the part of the trial courts. That ruling, however, we deem to be unsound. It does not seem just. We find expression of this idea in State v. Tucker, 333 Mo. 171, 62 S. W. (2d) 453, l. c. 455, 456 (4, 5). The defendant in that case was charged with burglary and larceny. The trial court gave six instructions, based upon various theories, authorizing a verdict of guilty. Each concluded with words substantially equivalent to, ". . . and if you do not find the facts to be as set forth above you will acquit the defendant." In speaking of the ruling of the trial court in refusing to give defendant's offered converse instructions this court said:

"In our opinion these converse clauses in these six State instructions did not so fairly and fully present to the jury appellant's defense as to justify the court in refusing to give his requested Instruction A."

The ruling of the trial court, rejecting the instruction, was affirmed because the instruction was held to be incorrect. In State v. Ledbetter, supra, this court said:

"And it is reversible error to refuse such converse instruction, unless the State's instructions clearly submit the converse of the facts and issues upon which convictions are authorized."

In State v. Hill, supra, it was suggested that:

"The converse of a positive instruction for the State should usually be given, when asked by a defendant charged with a crime."

The case of State v. Berezuk, 331 Mo. 626, 55 S. W. (2d) 949, illustrates the injustice of the rule announced in the Sloan case, supra. The judgment of conviction in the Berezuk case was reversed and the cause remanded for a new trial, but not because a converse instruction was refused. That question was discussed, and in the course of the opinion, after pointing out the nature of the crime and the necessity of a converse instruction for the protection of the defendant's rights, the court concluded by saying:

". . . It would not have been amiss for the court to have given

it. But we cannot say that its refusal would justify reversal of the judgment.''

State v. Dougherty and State v. Sloan, supra, were cited as authority. The same reluctancy to follow the rule in the Sloan case will be noticed in the Hill and other cases. The suggestion in these cases, that the refused converse instructions could well have been given in the interest of justice, and the apparent reluctancy to follow the Sloan case, indicate that the rule is not in harmony with justice. If the rule is not in harmony with justice it ought to be abolished. Defendants in criminal cases, if they so desire, ought in justice have the right to submit their defense to the jury in a direct way by instructions. If the defendant prepares such an instruction, correct in every respect, and asks that it be given, why should it be refused? What legal reason is there to deny him such an instruction? True, if the court of its own motion has given instructions fully covering the same subject matter as contained in the defendant's offered instruction, a refusal to give the offered instruction would not be error. But, as was said in the Tucker case, supra, the converse clause attached to the State's main instruction, ''. . . did not so fairly and fully present to the jury appellant's defense as to justify the court in refusing to give his requested Instruction A.'' In civil cases defendants have the right to submit their defenses by instructions in a direct way. The rule should not be otherwise where life and liberty are at stake. We therefore rule that in all criminal cases, if a defendant offers a correct instruction as the converse of the State's main instruction, it should be given, unless fully and fairly covered by other instructions. We rule that the practice of concluding the State's main instruction with the following words, ''. . . and unless you so find you will acquit,'' or words of like import, is not a sufficient reason for refusing a correct converse instruction offered by the defendant. Therefore, the Sloan and other cases upon the point in question are hereby overruled. It will not be necessary to discuss the other points raised. For the error indicated the judgment of conviction is reversed and the cause remanded for new trial. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.