STATE v. ROBERT LEE ROBERTSON, alias ROBERT HARRIS KELLY, alias ROBERT JOHNSON, Appellant.—No. 38415.—171 S. W. (2d) 718.

Division Two, June 7, 1943.

*Roy McKittrick*, Attorney General, and *William C. Blair*, Assistant Attorney General, for respondent.

BARRETT, C.—The jury found and the evidence shows that in the early morning of October 3, [719] 1941, Robert Lee Robertson, armed with a shotgun, and his accomplice, Kendall Morris, armed with a pistol held up the mistress and inmates of a house of prostitu-

tion in St. Louis and took $35.00 from Dorothy Burke, the mistress. For his participation in the "holdup" Robertson was found guilty of robbery in the first degree and sentenced to fifteen years' imprisonment.

Dorothy Burke did not report the robbery .to the police but on November 21 when Robertson was arrested he admitted that he had held up some people at 3930a Olive Street but did not know their names. On November 23rd the police brought Dorothy Burke to the police station and she identified Robertson as one of the robbers and a photograph of Morris as the other one. The police officers did not take a written statement or confession from Robertson but instead had Dorothy relate, in his presence, how the robbery was committed. As she related the events of the robbery the police would ask him whether what she said was true and he would answer that it was. Or, as she told some fact of the occurrence the police would then have him relate the same facts. When Dorothy and the officers testified, especially the officers, they related Robertson's oral statements or admissions.

The defendant did not testify but his wife and his mother did. In so doing they gave evidence of an alibi.

The court instructed the jury, in the usual manner, on robbery and also gave the customary cautionary instructions. In addition the court gave a separate instruction on alibi and one covering the problem of whether the oral statements as testified to by the police were voluntary. The court also gave instruction No. 6 which is as follows:

"If you believe and find from the evidence that the defendant made any voluntary statement or statements in relation to the offense charged in the information after such offense is alleged to have been committed, *you must consider such statements all together, and in the light of the circumstances under which you may believe they were made* and determine whether such statement or statements were voluntary or involuntary. *The defendant is entitled to what he said for himself, if true,* and the State is entitled to the benefit of anything he may have said against himself in any statement or statements proved by the State. What the defendant said against himself, if anything, the law presumes to be true, unless negatived by some other evidence in the cause, because said· against himself. What the defendant said for himself, the jury are not bound to believe, because it was said in a statement or statements proved by the State, but the jury may believe or disbelieve it as it is shown to be true or false by the evidence in this cause; it is for the jury to consider, under all the facts and circumstances in evidence, how much of the whole statement or statements of the defendant proved by the State, the jury, from the evidence in this case, deem worthy of belief."

In his motion for a new trial the defendant makes but two assignments of error. In one of these he vigorously and in detail assails the giving of this instruction as a comment on the evidence. He quotes from the instruction and says its practical effect is to force a defendant to testify whether he wants to or not. He says an oral confession is coerced, testified to and admitted in evidence and that no more importance should be attached to it than any other evidence and "yet the instruction . . . singles out 'what he has said against himself' . . . or if he does not (testify and deny it) the jury is informed in effect that they must believe 'what he says against himself as true.' "

Even though the propriety of giving such an instruction at all has often been questioned (because, regardless of whether the statements or admissions testified to are both favorable and unfavorable to the defendant, such an instruction is a comment on the evidence by the court, State v. Thomas, 250 Mo. 189, 157 S. W. 330 and State v. Johnson, State v. Duncan and State v. Busch, infra), an instruction in almost identical language was held to be proper in State v. Simenson, 263 Mo. 264, 172 S. W. 601 and State v. Hayes, 262 S. W. 1034. The opinion in the Simenson case collects the cases beginning with Green v. State in 13 Mo. 383 and continuing down to the time of that decision in 1914 in which the same or similar instructions were approved. The instruction was specifically approved and all the cases pertaining to it were collected in State v. Hamilton, 304 Mo. 19, 263 S. W. 127. Since then, 1924, the instruction has received specific approval in the following cases: State v. Lewis, 323 Mo. 1070, 20 S. W. (2d) 529; State v. Mabry, 324 Mo. 239, [720] 22 S. W. (2d) 639; State v. Colson, 325 Mo. 510, 30 S. W. (2d) 59; State v. Godos (Mo.), 39 S. W. (2d) 784 and State v. Nibarger, 339 Mo. 937, 98 S. W. (2d) 625 decided in 1936, although the objection in the latter case was that there was no evidence upon which to base the instruction. The last case specifically approving the instruction was decided in 1931. In all these cases, except the Nibarger case, it was urged that the instruction was erroneous because it constituted a comment on the evidence by the court, or because it singled out and directed specific attention to the defendant's evidence.

In State v. Johnson, 333 Mo. 1008, 63 S. W. (2d) 1000 and State v. Dollarhide, 333 Mo. 1087, 63 S. W. (2d) 998 there were instructions which omitted the phrases we have italicized in instruction No. 6. Up to that time instructions in that form, even, had been approved. Judge Westhues collected all those cases and pointed out that an instruction omitting the italicized phrase was unfair. In that connection he said, 333 Mo., 1. c. 1012: "The instruction in this case told the jury that what defendant said against himself was presumed to be true. It did not tell the jury, as it should have, that defendant was entitled to the benefit of what he said in his own behalf, if true.

The instruction permitted the jury to consider only a part of defendant's statement. The instruction should have required the jury to consider all of defendant's statements together and to consider them in view of the circumstances under which they were made." In both those cases it was pointed out that a correct form of instruction was to be found in State v. Hamilton, supra, and State v. Glazebrook (Mo.), 242 S. W. 928. The Johnson and Dollarhide cases were transferred to the court en banc and the divisional opinion was adopted. Since the decisions in those cases State v. Hamilton and other cases approving instructions similar to No. 6 have never been cited by this court.

State v. Duncan, 336 Mo. 600, 80 S. W. (2d) 147 contained an instruction similar to instruction No. 6. In that case it was pointed out that the Johnson and Dollarhide cases impliedly, at least, criticized the giving of the instruction at all. However, it was noted, citing State v. Hayes, supra, that the giving of the instruction, under some circumstances, might constitute harmless error. But, in the Duncan case the court held the giving of the instruction, in the form which had never before been condemned, error because, 336 Mo. 1. c. 613: "*The only statements proven by the State to have been made by the appellant were unfavorable to him,* and yet the instruction tells the jury that they must all be considered together; and further declares that 'what the defendant said against himself the law presumes to be true because said against himself.' *There were no favorable statements in the case to be weighed with the unfavorable statements. Under the facts, the effect of the instruction was to single out the unfavorable statements and tell the jury they must consider them.*" The Duncan case and the limitation it placed on such instructions, when there were no statements favorable to the defendant, was followed in State v. Garrison, 342 Mo. 453, 116 S. W. (2d) 23; State v. Luna (Mo.), 162 S. W. (2d) 859, and State v. Busch, 342 Mo. 959, 119 S. W. (2d) 265, although the court in the latter case, 1. c. 966 made this observation: "It might be argued that the instant case is distinguishable from the Johnson case and the Duncan case in that in the Johnson case the instruction omitted essential elements and in the Duncan case there were no favorable statements to be considered. But the reasoning of both those decisions points to the conclusion that it is prejudicial error to give such an instruction in a criminal case even where there is evidence tending to show both favorable and unfavorable statements. We so hold."

The Duncan case fits the instant case exactly. When the police testified to the oral statements or admissions made by Robertson they did not relate one single fact or statement favorable to him or in his interest. The statements they testified to were all very much against him and if he ever made any statements from which a favorable inference could be drawn in his behalf it was not developed. In such

a situation there can be no question but that the instruction is a comment on the evidence by the court because it directs the jury's particular attention to certain parts of the state's evidence and states the presumption of law or the inference of fact to which that evidence gives rise and at the same time calls upon the jury to weigh the defendant's evidence on the same subject when there is none. 3 Wharton, Criminal Procedure, Secs. 1646, 1736; [721] State v. Stewart, 278 Mo. 177, 212 S. W. 853. Our statute specifically provides that "The court shall not, on the trial of the issue in any criminal case, sum up or comment upon the evidence, or charge the jury as to matter of fact, unless requested to so do by the prosecuting attorney and the defendant or his counsel; but the court may instruct the jury in writing on any point of law arising in the cause." Mo. R. S. A., Sec. 4083. The instruction is a comment on the evidence and being contrary to the positive provisions of the statute cannot be said to constitute harmless error.

Because of the error noted the defendant is entitled to a new trial and the judgment is accordingly reversed and remanded. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.