STATE v. WILLIAM EDWARD TALBERT, Appellant.—No. 38535.—174 S. W. (2d) 144.

Division Two, October 4, 1943.

792

*I. Joel Wilson* for appellant.

*Roy McKittrick,* Attorney General, and *Aubrey R. Hammett, Jr.,* for respondent.

794

BOHLING, C.—William Edward Talbert was found guilty of the murder, in the first degree, of Martin Twillmann. The jury were unable to agree on the punishment and the court assessed the death penalty.

We briefly state the essential facts. Appellant and three other negro boys—Leo Lyles, Arthur L. Butler, and Willie Clayton had trouble with an automobile they had stolen and, proceeding on foot, approached Marvin Twillmann, who was a cousin of deceased and was watering his (Marvin's) stock at the time, and ordered Marvin, at the point of revolvers, into his truck. Lyles drove the truck down a one-lane road with two of the boys sitting on top of Marvin. Martin Twillmann was approaching in an automobile with his mother. He pulled to the side to let the truck pass. Lyles was not sufficiently careful in operating the truck and, in attempting to pull over and pass, the truck became stalled in the ditch after it had just passed the other car.

Appellant, with a revolver, had Marvin Twillmann go to the rear and around the truck. In the meantime, Martin Twillmann and his mother had been ordered out of their car. Just as Martin Twillmann was about out of his and, so far as disclosed by the State's evidence, without apparent reason he was shot by Lyles and killed. Mrs. Twillmann screamed and started to run. She was shot. There was testimony that appellant fired a shot or shots at Mrs. Twillmann. Other events need not be narrated. Marvin Twillmann managed to escape. Mrs. Twillmann's wounds were not fatal.

■ Appellant attacks an instruction on statements, reading:

"The court instructs the jury that if you believe and find from the evidence that the defendant voluntarily made any statement or statements, either oral or written, after the alleged offense was committed, you should consider such [145] statement or statements altogether. The defendant is entitled to the benefit of what he said for himself, if true, as the State is to the benefit of what he said against himself, if anything. You may believe or disbelieve it, as it may be shown to be true or false by all the evidence in the case."

The State cites only State v. Krauss (Mo.), 171 S. W. (2d) 699, 700[4], which furnishes no authority for sustaining the instruction. We have moved away from our holdings that an instruction as to the legal effect of certain kinds of evidence is proper and is not to be condemned as an unauthorized comment on the evidence, especially with respect to extra judicial statements by an accused, since State v. Hayes (Mo. 1924), 262 S. W. 1034, 1036[5]. State v. Simenson (1914), 263 Mo. 264, 267(I), 172 S. W. 601, 602[1, 2]. A more objectionable instruction was condemned in State v. Duncan (1935), 336 Mo. 600, 613, 80 S. W. (2d) 147, 154, but part of the language employed is applicable here, viz.: " . . . The only statements proven by the state to have been made by the appellant were unfavorable to him, and yet the instruction tells the jury they must all be considered together . . . There were no favorable statements in the case to be weighed with the unfavorable statements. Under the facts, the effect of the instruction was to single out the unfavorable statements and tell the jury they must consider them." In the instant case the statements attributable to appellant with respect to the offense for which he was on trial were not favorable to him but against his interest. In these circumstances, under the Duncan case, supra, the instruction erroneously singled out a portion of the evidence and gave it undue prominence to the prejudice of the appellant. State v. Robertson, 351 Mo. 159, 171 S. W. (2d) 718, also condemned an instruction similar to that of the Duncan case as an unwarranted comment on the evidence. Earlier cases are there reviewed. Consult cases like Costello v. Kansas City, 280 Mo. 576, 587(II), 219 S. W. 386, 389[3].

■ Appellant contends it was the duty of the court to instruct on second degree murder, manslaughter, and misadventure as part of

the law of the case. The contentions have their foundation in appellant's testimony. He testified he had taken no part in the crimes the other boys had been committing; that Marvin Twillmann had offered his assistance to help the negroes reach the bus and also to move their car back on the road; that as the two cars approached on the lane he was standing on the right running-board of the truck; that after the truck stopped he heard an argument, went around and found Lyles and Martin Twillmann arguing; that Lyles had a gun; that he told Lyles not to start an argument; that he tried to get the gun away from Lyles; that he had hold of Lyles' shoulders and Marvin Twillmann grabbed him (appellant); that a scuffle and shots followed, and that he, appellant, did not shoot and never had any intention of shooting Martin Twillmann or his mother. Appellant's narrative tended to establish affirmative efforts by him from the beginning of his knowledge of the impending events to prevent the murder and under the record we think he was either guilty with Lyles or innocent altogether.

Appellant also complains of the refusal of what he calls his converse instructions. We shall not set them out. All overlap. Appellant was entitled to an instruction submitting the converse of the State's main instruction if offered in proper form. Trial courts, however, are not required to submit the converse of each and every essential factual issue to the State's case in separate instructions. State v. Fraley, 342 Mo. 442, 447, 116 S. W. (2d) 17, 20, states the rule thus: "We therefore rule that in all criminal cases, if a defendant offers a correct instruction as the converse of the State's main instruction, it should be given, unless fully and fairly covered by other instructions"; holding that the frequently found conclusions to the State's main instruction, i. e., ". . . and unless you so find you will acquit the defendant" affords no legal reason for refusing "a correct converse instruction offered by the defendant." State v. Quinn, 344 Mo. 1072, 1075(III), 130 S. W. (2d) 511, 513(III).

What is said sufficiently disposes of the review.

The judgment is reversed and the cause remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.