**STATE of Missouri, Respondent,**

v.

**Colleen MURPHY, Appellant.**

**No. 51505.**

Supreme Court of Missouri,
En Banc.

June 12, 1967.

Norman H. Anderson, Atty. Gen., Donald R. Wilson, Asst. Atty. Gen., Jefferson City, Charles V. Benanti, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Shaw, Hanks & Bornschein, by Charles M. Shaw, Clayton, for appellant.

DONNELLY, Judge.

Appellant, Colleen Murphy, was charged by information under § 561.450, RSMo 1959, V.A.M.S., with obtaining money and property from William A. Straub, Inc., with intent to cheat and defraud, by means of a check drawn on a bank in which she knew she had no funds. She was convicted by a jury in the Circuit Court of St. Louis County, Missouri, and her punishment was assessed at thirty days in the county jail. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant does not question the sufficiency of the evidence. William Kohout, assistant manager of the Straub Store at 8282 Forsyth, Clayton, St. Louis County, Missouri, testified that on July 9, 1963, appellant came into the store, purchased some merchandise, wrote a check for $30, presented it to Kohout, and he gave her the merchandise and $7.65, which was the difference between the value of the merchandise and the amount of the check.

The check bore the name of Ellen S. Murphy, 4910 Wilheusen, as maker, and was drawn on the People's State Bank of Maplewood, Missouri. Appellant lived at that address with her parents, Raymond E. Murphy and Ellen S. Murphy. The check was returned by the bank. There was no account in the names Ellen S. Murphy or Colleen Murphy.

Appellant denied being in the store and denied writing and presenting the check to

Kohout. She testified she was home sick in bed on July 9, 1963. Her parents corroborated her testimony as to alibi.

Appellant's two defenses were that she was not the person who wrote and presented the check, and that she was home sick in bed on July 9, 1963. A review of the record compels the conclusion that appellant relied almost wholly on a theory of defense that she was erroneously identified as the person guilty of the offense.

The Court refused to give appellant's requested Instructions A, B, C, D, E, and F. Instruction F reads as follows: "The Court instructs the Jury that if after considering all of the evidence in this case you do not find and believe beyond a reasonable doubt that the Defendant, Colleen P. Murphy, is the person who presented the check mentioned in evidence to one William Kohault of the William A. Straub Company on the 9th day of July, 1963, then you cannot convict the Defendant and it is your duty to acquit Colleen P. Murphy."

In State v. Engberg, Mo.Sup., 377 S.W. 2d 282, at 286, we said: "[T]he rule now seems established that a defendant is ordinarily entitled to have given a correct instruction submitting the converse of the state's main instruction; but, if the given instructions fully and fairly cover the same subject matter contained in defendant's converse instruction, it is not prejudicial error to refuse the instruction offered."

In State v. Fraley, 342 Mo. 442, 116 S.W. 2d 17, 20, 21, we said:

"Defendants in criminal cases, if they so desire, ought in justice have the right to submit their defense to the jury in a direct way by instructions. If the defendant prepares such an instruction, correct in every respect, and asks that it be given, why should it be refused? What legal reason is there to deny him such an instruction? True, if the court of its own motion has given instructions fully covering the same subject matter as contained in the defendant's offered instruction, a refusal to give

the offered instruction would not be error. But as was said in the Tucker Case, supra, the converse clause attached to the State's main instruction 'did not so fairly and fully present to the jury appellant's defense as to justify the court in refusing to give his requested instruction A.' In civil cases defendants have the right to submit their defenses by instructions in a direct way. The rule should not be otherwise where life and liberty are at stake. We therefore rule that in all criminal cases, if a defendant offers a correct instruction as the converse of the State's main instruction, it should be given, unless fully and fairly covered by other instructions. We rule that the practice of concluding the State's main instruction with the following words, ' * * * and unless you so find you will acquit,' or words of like import, is not a sufficient reason for refusing a correct converse instruction offered by the defendant."

The trial court gave an alibi instruction, Instruction No. 3, which reads as follows: "The defendant in this case has interposed as a defense what is known in law as an alibi, that is, she asserts that even if the offense was committed as charged, she was, at the time of the commission thereof, at another and different place than that at which such offense was committed, and, therefore, was not and could not have been the person who committed the same. Now, in this connection, you are instructed that you should acquit the defendant unless the evidence in the case, taken as a whole, including that of alibi, establishes the defendant's guilt beyond a reasonable doubt."

■ The State contends that the above instruction fully and fairly covered the same subject matter contained in Instruction F. We do not agree. The substance of the State's case was that appellant was in the Straub store and personally wrote and presented the check to Kohout. If appellant was not the person who wrote and presented the check to Kohout, she is not guilty. The State erroneously assumes that the alibi instruction is a converse instruc-

tion and that it encompasses both of appellant's theories of defense. The jurors were instructed that they should acquit the appellant if they found she was, at the time of the commission of the offense, at another and different place than that at which such offense was committed. However, on the record in this case, the jury could have believed appellant was present in the store, and nevertheless have believed she did not commit the offense. The jurors were not specifically instructed that they should acquit appellant if they found she was not the person who committed the offense.

In State v. Chevlin, Mo.Sup., 284 S.W.2d 563, this Court held the defendant was entitled to have directly and affirmatively submitted the disputed issue of *intent*, and said at 567: "The intent with which the assault was committed was the principal disputed issue in the case. The trial court did not give an instruction directly covering the point submitted in the requested instruction which, under the facts of this case, was in effect a converse instruction of one of the essential elements of the State's main instruction. Therefore under our consistent rulings the trial court committed reversible error in refusing to give this requested instruction based on appellant's theory of the case." See also State v. McWilliams, Mo.Sup., 331 S.W.2d 610, 613.

 We believe appellant was entitled to submission of Instruction F in this case. Although proof of a defendant's connection with the crime charged is not a part of the corpus delicti, State v. Smith, 354 Mo. 1088, 1095, 193 S.W.2d 499, 502, the criminal agency of the accused must be shown in order that a conviction may be had. State v. Bennett, Mo.Sup., 87 S.W.2d 159, 162; State v. Gillman, 329 Mo. 306, 312, 44 S.W.2d 146, 148; 23 C.J.S. Criminal Law § 920, pp. 644, 645. Proof of the criminal agency of a defendant is an element essential to his conviction. Proof of the criminal agency of the appellant in this case was an element essential to her conviction. If the appel-

lant did not write and present the check to Kohout, she is not the person who committed the crime and she is not guilty. There is nothing more fundamental in the law than that the person charged with and convicted of an offense be the person who committed the offense. She had the right to an affirmative and direct submission of this defense to the jury.

 It should not be inferred that a defendant in a criminal case is entitled to multiple converse instructions. In State v. Talbert, 351 Mo. 791, 174 S.W.2d 144, at 145, we said: "Appellant also complains of the refusal of what he calls his converse instructions. We shall not set them out. All overlap. Appellant was entitled to an instruction submitting the converse of the State's main instruction if offered in proper form. Trial courts, however, are not required to submit the converse of each and every essential factual issue to the State's case in separate instructions."

Appellant was entitled to affirmatively converse the element of criminal agency. This was not done in the instructions given. The judgment must be reversed and the cause remanded.

Other points briefed relate to matters which will not likely recur upon another trial and need not be discussed herein.

Reversed and remanded.

All concur except STORCKMAN, C. J., who dissents in separate dissenting opinion filed.

STORCKMAN, Chief Justice (dissenting).

The principal opinion holds it was reversible error to refuse defendant's instruction F which in substance told the jury that if they did not find and believe beyond a reasonable doubt that the defendant "is the person who presented the check mentioned in evidence" they must acquit her.

The opinion asserts the defendant presented "two defenses" in denying that she

was the person who presented the check and by her evidence that she was confined to her home by illness at the time in question. It further states that she "relied almost wholly on a theory of defense that she was erroneously identified as the person guilty of the offense." The term "theory" does not ordinarily refer to the facts established by the evidence, but to a cause of action or defense. State ex rel. Brotherhood of Locomotive Firemen, etc. v. Shain, 343 Mo. 666, 123 S.W.2d 1, 4 [4].

As we see it, the defendant's only "theory of defense" was that she was not the criminal agent, and that theory is fairly and fully presented by her alibi instruction, No. 3, which is set out in the opinion. In explaining the defense, the instruction states that "even if the offense was committed as charged, she was, at the time of the commission thereof, at another and different place than that at which such offense was committed, and, therefore, *was not and could not have been the person who committed the same.* Now, in this connection, you are instructed that you should acquit the defendant unless the evidence in the case, taken as a whole, including that of alibi, establishes the defendant's guilt beyond a reasonable doubt." Italics added.

The clause that she "was not and could not have been the person who committed" the offense comprehends the theory of defense contained in instruction F that she was not "the person who presented the check." Furthermore, the direction in instruction No. 3 to acquit her unless the evidence, taken as a whole, including that of alibi, establishes the defendant's guilt beyond a reasonable doubt adequately covers all that could be included in instruction F. An alibi instruction goes to the very heart of the defense of criminal agency. State v. Beishir, Mo., 332 S.W.2d 898, 902–903 [5].

Instruction F was primarily an attack on the credibility of the evidence in support of a phase of the state's case and did not present any new or different theory of defense; hence, the trial court did not err in refusing it because the instructions given fully and fairly covered the entire subject matter. State v. Engberg, Mo., 377 S.W.2d 282, 286 [11], 287 [12]; State v. Worten, Mo., 263 S.W. 124, 126 [4].

Furthermore, instruction F tends to emphasize and comment on a particular part of the evidence on a necessary element of the state's case so as to cast doubt on its credibility thereby rendering the instruction improper. State v. Higginbotham, 335 Mo. 102, 72 S.W.2d 65, 68 [2].

For these reasons I respectfully dissent.