**STATE of Missouri, Respondent,**

v.

**John L. BANKS, Appellant.**

No. 56871.

Supreme Court of Missouri,
Division No. 2.

March 12, 1973.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Assist. Atty. Gen., Jefferson City, for respondent.

James C. Jones, III, St. Louis, for appellant.

MORGAN, Presiding Judge.

Charged as a second offender, § 556.280, RSMo 1969, defendant was tried to a jury and found guilty of first degree murder. The court assessed punishment at life imprisonment, and defendant has appealed. We affirm.

The events leading to defendant's conviction occurred on Sunday, March 8, 1970. On that date, defendant, his brother Willie and Willie's wife, Lamar, were at the home of a friend playing cards. Several others were in attendance, and the evidence indicates most were drinking during the day. However, no one admitted being drunk. The end result of the get-together was that Lamar Banks was shot and killed.

Willie Banks and three others testified for the state. Their testimony was that while the group was playing cards, the deceased accused her husband of cheating; that an argument developed between them and some pushing took place; that as an expression of anger, Willie took defendant's gun and fired it out a window; that defendant reclaimed his gun and started to leave; that as he neared the door, Lamar confronted defendant and said: "If you think I did your brother wrong, you kill me"; that, without comment, defendant proceeded to fire three or four bullets into the body of Lamar causing near instant death. It was further shown that defendant took his brother's automobile and drove to Blytheville, Arkansas, where he was arrested some four days later; that at the time of his arrest, he had in his possession the gun from which the shots had been fired that killed Lamar as shown by certain ballistic tests.

Defendant testified that he had nothing to do with the killing, and specifically

said: "I don't know who fired the gun." He did recall hearing the gun go "bang, bang, bang" while Willie and Lamar were wrestling and they had "both went down over the side of the couch."

On appeal, defendant concedes "the sufficiency of the evidence to support defendant's conviction," but suggests reversal is called for by the trial court's failure: (1) to instruct the jury as to defendant's theory of the case, i. e., that the death was not due to the criminal agency of the defendant, and (2) to instruct that acquittal was proper if the killing was accidental. At the instruction conference, defendant did not offer or request any instructions.

Section 546.070(4), RSMo 1969, in part, provides: "Whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict; * * *." See also Rule 26.02(6); and, "Duty to Instruct in Missouri Felony Cases," 1963 Washington University Law Quarterly 353.

■ As to point one, there is no question but that under the present state of the law defendant would have been entitled to request an instruction "converse" to that of the state's verdict directing instruction—as to all or any elements thereof. Although application of the rule has at times appeared to lack uniformity, it has been pronounced many times. For instance, as said in State v. Fraley, 342 Mo. 442, 116 S.W. 2d 17, 20 [2–4] (1938): "We therefore rule that in all criminal cases, if a defendant offers a correct instruction as the converse of the State's main instruction, it should be given, unless fully and fairly covered by other instructions. We rule that the practice of concluding the State's main instruction with the following words, '* * * and unless you so find you will acquit,' or words of like import, is not a sufficient reason for refusing a correct converse instruction offered by the defendant." "By its very nature, a converse instruction is not a part of the law of the

case on which the court must instruct whether requested or not. Hence, if a defendant wants a converse instruction given, he must formulate and offer a proper one." State v. Engberg, 377 S.W.2d 282, 286 [11], (Mo.1964). 9A Mo.Dig., Criminal Law, 770(2). Since the defendant did not offer a converse instruction, error can not be predicated on the trial court not voluntarily doing so.

■ By way of a reply brief, it is suggested that the actual complaint of defendant is not the absence of a converse instruction, but that his "theory of innocence," i. e., "that the offense was committed otherwise than through the criminal agency of the defendant" was part of the "law of the case" and required an instruction thereon by the trial court. As an abstract statement, the argument is well-founded, but it is certainly inapplicable to the facts of this case. Defendant's testimony supports only one generalization, i. e., that he had absolutely nothing to do with the killing of Lamar Banks, which, as a practical matter, is nothing but a denial of the charge in its entirety. A defense bottomed on evidence an accused had nothing whatever to do with the crime charged does not come within the connotation of the "theory of innocence" principle used in the cases relied on. Defendant cites State v. Kinard, 245 S.W.2d 890 (Mo.1952); State v. Tate, 436 S.W.2d 716 (Mo.1969); and, State v. Shivers, 458 S.W.2d 312 (Mo.1970). We have considered each case, as well as many others on this subject, including State v. Drane, 416 S.W.2d 105 (Mo.1967), wherein six other cases were fully considered. Suffice it to say, that in each case mentioned the defendant had a defense which the court could not ignore in instructing the jury on the "law of the case"—other than a denial of any participation whatever in the offense. The point is ruled against defendant.

■ As to point two, there is no merit in the complaint an instruction should have been given calling for the acquittal of de-

fendant if the killing was accidental. State v. Haygood, 411 S.W.2d 230 (Mo. 1967) is typical of the cases relied on. If defendant was not involved in any manner (as he contended), he could not have killed his sister-in-law accidentally or otherwise.

Finding no error, the judgment is affirmed.

All of the Judges concur.