## THE PEOPLE *v.* JAMES WINTERS.

BURGLARIOUS TOOLS AS EVIDENCE.—Burglarious tools, found in the possession of the defendant soon after the commission of the offense, may be offered in evidence by the prosecution whenever they constitute a link in the chain of circumstances which tend to connect the defendant with the particular burglary charged in the indictment.

SAME.—Before burglarious tools can be received in evidence, it must be shown that the burglary charged was in fact committed, and that it was committed with the aid of burglarious tools like those proposed to be shown in evidence, and that the defendant was in the vicinity at or about the time the offense was committed.

A BILL OF EXCEPTIONS MUST SHOW ERROR.—If the record, in an indictment for burglary, only shows an exception to the exhibition of burglarious tools in evidence, the presumption is that all the facts were proved necessary to entitle them to be shown in evidence.

SAME.—Where the admissibility of evidence depends upon the character of other evidence, it will be presumed on appeal that such other evidence was of a character to justify the ruling of the Court below, unless the contrary be clearly shown by the bill of exceptions.

APPEAL from the County Court of the City and County of San Francisco.

The defendant was indicted for burglary. He was convicted, and sentenced to be imprisoned for the term of seven years, and appealed from the judgment.

The other facts are stated in the opinion of the Court.

*J. W. Coffroth*, for Appellant.

The proof introduced by the District Attorney had no bearing upon the crime charged, to wit: burglary. It would have been good upon a charge of having burglarious instruments in possession, under the one hundred and twenty-seventh section of the Act concerning crimes and punishments. The State sought to convict the defendant by proof of his commission of another crime which is not mentioned in the indictment. (*People* v. *Garnett, ante*, 622.) This doctrine is ably and fully declared in *People* v. *Kennedy*, 32 N. Y. 141–145.

*J. G. McCullough, Attorney-General*, for the People, cited *People* v. *Frank*, 28 Cal. 507 ; *People* v. *Larned*, 7 N. Y. 452; *Commonwealth* v. *Williams*, 2 Cushing, 585 ; *United States* v. *Burns*, 5 McLean, 26 ; and 3 Greenleaf on Ev., Secs. 15–19.

By the Court, SANDERSON, J.

The only question presented by the bill of exceptions in this case relates to the admission and exhibition as evidence to the jury of certain burglarious tools which were found in the defendant's carpet bag at the time of his arrest.

Burglarious tools found in the possession of the defendant soon after the commission of the offense may be offered in evidence whenever they constitute a link in the chain of circumstances which tend to connect the defendant with the commission of the particular burglary charged in the indictment. But before they can be received it must be shown that the burglary charged was in fact committed. When this has been done nothing remains but to ascertain who was the guilty party ; or in other words to connect the defendant with the burglary thus established. It rarely happens that this can be

done by the direct evidence of witnesses who saw and recognized the defendant in the act; hence in a majority of cases a resort must be had to circumstantial evidence, and any circumstances of which it can be reasonably affirmed that they form links in a chain which tends to connect the defendant with the commission of the burglary are competent evidence against him; but circumstances of which this cannot be affirmed are not. Hence the possession of burglarious tools at or about the time the burglary was committed may or may not be a material fact and competent for the prosecution to prove, and whether it is or not depends necessarily upon the other circumstances of the case. In order to render it material there must be a possible and probable connection between it and the other circumstances given in evidence. If it appears from the other evidence in the case that the defendant was in the vicinity at or about the time the burglary was committed and that it was committed by the aid of burglarious tools, the possession by the defendant, at or about that time, of corresponding tools may be shown, because by such evidence it is shown that the defendant had the means to commit the offense in the mode in which it was committed and because the possession of the means by which the offense was actually committed is a circumstance which tends when other circumstances do not oppose but agree with it, to connect the accused with the commission of the offense. But if it appears from other evidence that the burglary was not committed by means of burglarious tools, as where the burglar has entered by an open door or window, the possession of burglarious tools cannot be shown; because, so far as the case shows, there is no connection, probable or possible, between it and an offense confessedly committed without the aid of such tools.

In the present case the record fails to show satisfactorily by what means the entry into the house of the prosecutor was effected. The record seems to have been made upon the theory that the rule was universal that the possession of burglarious tools may be shown in every prosecution for burglary or that it cannot, and that the competency of such evidence

is not to be determined by the particular circumstances of the case, but entirely by the legal character of the offense charged. If the burglary was in fact committed by the aid of tools or instruments corresponding to those found in the defendant's possession, then the latter, as we have seen, were properly admitted in evidence and exhibited to the jury as the most satisfactory method of proving means corresponding to those actually used in the commission of the offense to have been in the possession of the defendant at or about the time the offense was committed. But if, in fact, the burglary was not committed by such means, then they were not properly admitted because they in no way tended to connect the defendant with the burglary in question. But, as already stated, what the facts in this respect really were we are unable to satisfactorily determine from the record. In such a case we are bound to presume that the facts were consistent with the ruling of the Court, for the party who alleges error must show it. All the presumptions of law are against him.

Judgment affirmed.