THE STATE v. DAVIS, *Appellant.*

Larceny: EVIDENCE OF PRISONER'S POSSESSION OF BURGLARS' TOOLS. On a trial for larceny from a dwelling-house, it appeared that defendant was arrested in the vicinity of the *locus delicti* immediately after the commission of the larceny, under suspicious circumstances tending to connect him with the crime. It also appeared that divers rooms, closets and drawers in the house were ransacked; but there was no evidence that burglars' tools had been used to effect the entry or to open inner doors or drawers. *Held,* that evidence that the defendant, when arrested, had such tools in his possession was nevertheless admissible.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Thos. B. Harvey* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

HOUGH, C. J.—The defendant was indicted for and convicted of a larceny from a dwelling-house. There was no evidence of any burglarious entry, nor was there any testimony showing that inner doors or drawers had been opened by means of burglarious instruments, although divers rooms, closets and drawers were shown to have been ransacked and various articles of dress and ornament abstracted. The defendant was arrested in the vicinity of the *locus delicti* immediately after the commission of the larceny, under suspicious circumstances tending to connect him with the crime. Certain implements were found in his possession at the time of his arrest, which were thus de-

scribed by the officer making the arrest—we adopt the statement of the court of appeals: "I found in the wagon, right under the seat on the bottom of the wagon one loaded revolver, a billy and a jimmy or outsider, a burglar's tool. That is the pistol. That is the jimmy or burglar's tool. It is used to catch a key from the outside and unlock it; that is for pushing it through the key-hole and turning the key. The character of the instrument is for opening keys in doors or drawers or closets. It is used for that either on the outside or inside of the house." The sole question in this case is as to the admissibility of this testimony. It is contended on behalf of the defendant that it is incompetent, on the authority of the *People v. Winters*, 29 Cal. 658, where it is said: "If it appears from the evidence in the case that the defendant was in the vicinity at or about the time the burglary was committed, and that it was committed by the aid of burglarious tools, the possession by the defendant at or about that time of corresponding tools may be shown, because by such evidence it is shown that the defendant had the means to commit the offense in the mode in which it was committed, and because the possession of the means by which the offense was actually committed, is a circumstance which tends, when other circumstances do not oppose but agree with it, to connect the accused with the commission of the offense. But if it appears from other evidence that the burglary was not committed by means of burglarious tools, as where the burglar has entered by means of an open door or window, the possession of burglarious tools cannot be shown; because, so far as the case shows, there is no connection probable or possible between it and an offense confessedly committed without the aid of such tools," etc.

The court of appeals, while recognizing the correctness of this decision, observes in its opinion: "If there was no probable connection between the possession of these tools and the offense committed, then the introduction of this testimony would have been error. To this extent the

cases cited by appellant in his brief clearly go. The possession of burglar's tools does not tend to connect the person having them with the commission of rape or petit larceny. But the possession of tools which are equally adapted to the commission of burglary and of the offense charged, does not become unimportant merely because the tools or some of them are called burglar's tools and the offense is not called burglary. It is obvious that men who set out to commit larceny by stealing from a dwelling-house in the night-time, and who commit the offense by ransacking the closets and wardrobes of two stories of the dwelling whilst the family are at supper, are very probably provided with some implements which burglars use, weapons of offense and defense, such as a pistol and a billy, and instruments for turning keys, such as an outsider, which may be as necessary to commit larceny by opening an inner room as to commit burglary by opening the lock of an outside door. * * When no burglary has been committed, but an offense has been committed for the commission of which certain tools also used by burglars are appropriate, and which offense is not likely to be attempted in the manner detailed in the evidence by persons not having such tools about them at the time, and such tools, apt for the commission of the offense, are found upon persons in the vicinity under the circumstances of the present case, it would be impossible to say that the possession of such tools was not an important link in the chain of circumstantial evidence."

We do not regard these views as being entirely in harmony with the doctrine announced in the *People v. Winters*, as it does not appear that the larceny in the present case was committed by the aid of any tools or implements such as were found in the possession of the defendant. We fully concur, however, in the views expressed by the court of appeals, and feel constrained to withhold our approval from the doctrine of the case cited. If a burglary has been committed without the aid of burglarious instruments, as

for instance by raising a sash, and immediately after the commission thereof a person is arrested going from the scene of the crime, as in this case, under circumstances tending to connect him with the commission of the offense, and such person has in his possession burglarious implements, we see no good reason why the possession of such implements may not be shown as a circumstance tending to prove, when taken in connection with other suspicious circumstances, that such person committed the offense. Such testimony undoubtedly shows that such person was prepared to enter the house by any means which it might be necessary to employ, and the fact that it was not necessary to use one, or all, or any of such implements, will not, we think, render evidence of the possession of such implements inadmissible.

The judgment of the court of appeals affirming that of the criminal court is hereby affirmed. All the judges concur.