STATE v. LEO LYLES, Appellant.—No. 38534.—175 S. W. (2d) 587.

Division Two, December 6, 1943.

*I. Joel Wilson* for appellant.

*Roy McKittrick,* Attorney General, and *W. J. Burke,* Assistant Attorney General, for respondent.

LEEDY, P. J.—Defendant was one of four persons jointly charged in the Circuit Court of St. Louis County with murder in the first degree in having shot and killed Martin Twillman in said county on September 30, 1941. On his separate trial, he was convicted and sentenced to the extreme penalty, and he appeals.

A like judgment and sentence was appealed by one of his co-defendants, and it was reversed and the case remanded, at this term, for error in the giving of an instruction on the subject of extra-judicial statements made by defendant. [State v. Talbert, 351 Mo. 791, 174 S. W. (2d) 144.] Said instruction was held to be erroneous as singling out a portion of the evidence and giving it undue prominence to the prejudice of the accused. The identical instruction was given in this, the companion case, under substantially the same facts, for which error, and upon the authority of that case, and those cited therein, a new trial must be ordered. For this reason, the facts will not be noticed other than by referring the reader to the statement thereof in the Talbert case, supra.

Defendant is vehement in his attack, raised in a variety of ways in eight separate assignments, upon the alleged error of the court in permitting the state to reopen its case for the purpose of hearing numerous witnesses, lay and medical, who testified in substance and effect, that defendant was feigning insanity. Defendant did not take the stand, nor did he call any witnesses in his own behalf, but stood on his demurrer offered at the close of the whole case. It is recited in the record, and not disputed here, that throughout the three-day trial, he constantly mumbled, muttered, twitched, twisted and squirmed about; he tore his clothing; he attempted to pull the rungs out of his own chair, and others near at hand; he undertook to pry open the drawers of the counsel table, and otherwise demeaned himself as an insane person. Just before the state rested, the prosecutor undertook to ascertain, by direct inquiry of defendant's counsel (as had been done previously), if the accused would testify, and failing to receive a definite answer, rested the state's case. Defendant offered a demurrer. It was overruled. The defendant then rested, and again offered a demurrer. At that stage of the proceedings, the

prosecutor requested, and was granted leave, to introduce the further evidence above-mentioned.

It is true defendant did not formally interpose the defense of insanity (nor any other, for that matter), but the jury was bound to observe, and in the very nature of things, be influenced by, his demonstrations which could only be interpreted as manifestations of a disordered mind. We think the state was not required to remain silent, and permit such exhibitions to go unchallenged and unexplained when it had an abundance of proof to show their real nature, for this court has said, "Like flight, the feigning of .a state of mind which in itself, if genuine, would constitute a defense to the charge or, at least a bar to the trial, is indicative of a disposition to evade justice, and tends to prove guilt." [State v. Stevens, 242 Mo. 439, 147 S. W. 97.] [588] Feigning of insanity by a defendant may be shown on the theory that it amounts to a species of fabrication of evidence, and as indicating the defendant was himself conscious of his own guilt, and that his defense could not be made out by a production of the truth. [Waller v. United States, 179 Fed. 810, 31 L. R. A. (N. S.) 113.] "It is competent for the commonwealth to prove that the accused, after committing the act, or having been accused of it, fled or concealed himself, or was guilty of any conduct inconsistent with his innocence. If the appellant did feign insanity, the jury had a right to infer from that fact that he, having no meritorious defense, proposed to fix up a spurious defense, as the only available one against the truth of the charge; and, such conduct being inconsistent with innocence, it was proper for the jury to consider it for what it was worth." [Basham v. Commonwealth, 87 Ky. 440, 10 Ky. L. 434, 9 S. W. 284.] We think the court was fully justified, and exercised a sound discretion, in permitting the state to reopen the case for the purpose of receiving the evidence about which complaint is made.

The other errors assigned are not likely to recur on another trial, and so will not be treated. For the error noted, the judgment is reversed, and the case remanded. All concur.