STATE v. WILLIAM EDWARD TALBERT, Appellant.—No. 39410.—189 S. W. (2d) 555.

Division Two, September 4, 1945.

Motion for Rehearing or to Transfer to Banc Overruled, October 1, 1945.

*Fred A. Gossom* and *Marvin Boisseau* for appellant; *I. Joel Wilson* of counsel.

*J. E. Taylor,* Attorney General, and *Will F. Berry, Jr.,* Assistant Attorney General, for respondent.

LEEDY, J.—The conviction in this case is for murder in the first degree, the punishment for which the jury assessed at the extreme penalty. On defendant's former appeal a like judgment and sentence was reversed and the cause remanded for the giving of an erroneous instruction. State v. Talbert, 351 Mo. 791, 174 S. W. 2d 144. The same error inhered in the first trial of one of his co-defendants, resulting, also, in the reversal and remanding of that case. See State v. Lyles, 351 Mo. 1174, 175 S. W. 2d 587. The affirmance of the second conviction of Lyles is reported in 353 Mo. 930, 185 S. W. 2d 642.

Defendant does not question the sufficiency of the evidence, and as the question to be determined on this appeal does not involve the facts, they need not be restated here other than by reference to the opinions in the three former appeals just mentioned. The sole point urged for reversal is that the court committed reversible error in the giving of State's instruction No. 3. Said instruction reads as follows:

"The Court instructs the jury that he who wilfully, that is, intentionally, uses upon another at some vital part, a deadly weapon, as a pistol charged with gunpowder and metal bullets, must, in the absence of qualifying facts, be presumed to know that the effect is likely to be death; and, knowing this, must be presumed to intend death, which is the probable and ordinary consequences of such an act, and if such deadly weapon is used without just cause or provocation, he must be presumed to do it wickedly and from a bad heart.

"If, therefore, the jury believe from the evidence that defendants Leo Lyles, William Edward Talbert, Arthur Lee Butler and William Clayton, or any of them, while acting together with a common purpose (if you so find they were so acting together as defined in these instructions), took the life of said Martin Twillmann by shooting and wounding him in a vital part with a pistol, or pistols, charged with gunpowder and metal bullets, with a manifest design to use such weapon, or weapons upon him with sufficient time to deliberate and fully form the conscious purpose to kill, and without sufficient cause, reason or provocation, then such killing is Murder in the First Degree. And while it devolves upon the State to prove the willfullness, deliberation, premeditation and malice aforethought, all of which are necessary to constitute Murder in the First Degree, yet these need not be proved by direct evidence, but may be deduced from all the facts and circumstances attending the killing, and if the jury satisfactorily and reasonably infer their existence from all the evidence you will be warranted in finding the defendant guilty of Murder in the First Degree, and should so say in your verdict."

The instruction is assailed for a variety of reasons which are developed under four separate assignments. One of the assignments is: "The court erred prejudicially to defendant in Instruction No. 3, by commenting on the evidence in assuming the fact to be that the defendant had used a deadly weapon loaded with gunpowder and metal bullets upon the deceased at a vital part of his body." This contention is made solely upon a construction of the language of the first paragraph of the instruction, as will appear from the following excerpt from defendant's brief. After setting out the paragraph just referred to, the brief says: "By the language above quoted the court has assumed the facts to be that beyond a reasonable doubt the defendant had shot the deceased with a pistol in a vital part of his body. This was a question of fact solely and peculiarly within the province of the jury to decide, and in assuming their existence the court invaded the province of the jury, and erroneously commented upon the evidence to the great prejudice of the defendant."

We do not think it is subject to this criticism. As will be seen, the sentence of the second paragraph which actually hypothesized the defendants' use of a deadly weapon upon the body of the deceased at a vital part, began with the hypothesis "If, therefore, the jury believe from the evidence that," etc., thus affirmatively requiring the jury to find the existence of the facts so hypothesized as a prerequisite to a conviction.

The other three assignments are so closely related and overlapping as to require that they be treated together. They severally complain of the instruction as follows: (1) That it does not require the jury to find defendant's guilt beyond a reasonable doubt but

directed that a finding of guilty might be made "if they inferred his guilt from the evidence;" (2) That it fails to advise the jury that the burden was upon the State to prove the willfulness, deliberation, premeditation and malice aforethought beyond a reasonable doubt before they would be warranted in finding the defendant guilty; and (3) In making the only requirement to the establishment of defendant's guilt inferences of that fact from the evidence; and in failing to advise the jury that they must acquit the defendant if the State failed to establish his guilt beyond a reasonable doubt from all the evidence in the case." These objections are to be considered in the light of the other instructions, and the rule that all of the instructions must be considered collectively in determining whether the issues were fairly submitted. State v. Johnson, 349 Mo. 910, 163 S. W. 2d 780. So considered, the authority of State v. Nasello, 325 Mo. 442, 30 S. W. 2d 132, is undoubtedly controlling, as that case ruled the validity of a like instruction under objections which are duplicated here.

We find that in this case, State's instruction No. 2, after defining murder in the first degree, and the terms "wilfully", "deliberately", "premeditatedly", "malice" and "malice aforethought," continued thus: "Bearing in mind these definitions the Court instructs you that, if you believe and find from the evidence, *beyond a reasonable doubt,* the defendants Leo Lyles, William Edward Talbert, Arthur Lee Butler, and William Clayton, or any of them, while acting together with a common purpose, (if you find they were so acting together as defined in these instructions), at the County of St. Louis and State of Missouri, on the 30th day of September, 1941, *wilfully, deliberately, premeditatedly and of their malice aforethought,* did shoot and wound with certain pistols then and there charged with gunpowder and metal bullets, one Martin Twillmann, and if you further find that within a year and a day thereafter, to-wit, on said 30th day of September, 1941, the said Martin Twillmann died from the effects of such shooting and wounding, you will find the defendant, William Edward Talbert, guilty of Murder in the First Degree, and so say in your verdict; and unless you find the facts to be as stated in this instruction you will acquit the defendant, William Edward Talbert, of Murder in the First Degree." (Italics ours.) Moreover, said italicized language (either in substance or exact form) was repeated in instruction 4, on the subject of conspiracy, which required the jury to "find from the evidence in this case, *beyond a reasonable doubt,* that while in pursuance and execution of such common purpose (if you find there was a common purpose), that the defendant William Edward Talbert, or one Leo Lyles or one Arthur Lee Butler or one William Clayton, in the County of St. Louis, and State of Missouri, on the 30th day of September, 1941, feloniously, *wilfully, deliberately, premeditatedly and of his malice aforethought,* shot with a pistol, and by ▇▇ such

shooting killed Martin Twillmann," etc. There was, in addition, the conventional form of general instruction covering the subjects of burden of proof and presumption of innocence.

In disallowing the contention made in the Nasello case, which, as stated, defendant reproduces here, this court said:

". . . Willfulness, deliberation, premeditation, and malice aforethought are concepts of the mind, which are ordinarily shown only by deductions from the facts and circumstances. The instruction did not purport to cover the facts and circumstances attending the conspiracy and the killing, but merely told the jury that willfulness, etc., a state of mind to be deduced from acts, may be deduced from the facts and circumstances in evidence. . . . It fairly advised the jury, and they fully understood its purport and meaning, we think.

"Defendant argues that the instruction did not require the jury to find willfulness, etc., beyond a reasonable doubt, but that it permitted the jury to find them from merely satisfactory and reasonable evidence. It is impossible seemingly to cover every phase of the case in one instruction, and, reading the instructions as a whole, which must be done, we think the jury fully understood that, before they were authorized to convict defendant, they must find that he was guilty beyond a reasonable doubt. State v. Ross (Mo. Sup.), 300 S. W. 785. In this regard instruction 3 [of similar import to instructions 2 and 4 in Talbert's case], informed the jury unequivocally that, before they could find defendant guilty of murder as charged in the information, they must find from all the evidence produced to it, and that beyond a reasonable doubt, that defendant, either alone, or knowingly acting in concert with another or others, willfully, intentionally, deliberately, premeditatedly, on purpose, and with malice aforethought killed Smith." [325 Mo. l. c. 463, 30 S. W. 2d l. c. 139.]

Curiously, the Nasello case is not referred to in defendant's brief, nor are we asked to re-examine its holding. It is a complete answer to the propositions now urged, and upon the authority of that case, we must disallow defendant's contention.

We have examined the record proper, and find it in proper form. The judgment should, therefore, be affirmed, and it is so ordered. All concur.