STATE of Missouri, Respondent,

v.

George William RUSSELL, Appellant.

No. 46937.

Supreme Court of Missouri,

Division No. 1.

June 8, 1959.

George William Russell, appellant, defendant, pro se.

John M. Dalton, Atty. Gen., E. L. Redman, Sp. Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

By information filed in the Circuit Court of the City of St. Louis, defendant George William Russell, Donald Edward Rutherford and Donald Edward Brown were charged with burglary in the second degree of and stealing from the tavern of Joseph Buschman in said city a safe and its contents in excess of the value of fifty dollars. The information also alleged six former convictions of defendant, his imprisonment in the penitentiary pursuant to each of said convictions, his discharges from imprisonment upon compliance with the sentences imposed upon him, and invoked the additional punishment provisions of the habitual criminal act, Section 556.280 RSMo 1949, V.A.M.S. (The information also charged Rutherford with three such prior felony convictions and Brown with four such convictions.) Upon separate trial of defendant the jury found him guilty of burglary and

stealing as charged and further found that he had been formerly convicted of a felony and assessed his punishment at imprisonment in the State Penitentiary for a term of ten years for the burglary and a term of five years for stealing in connection with said burglary.

Following the overruling of his motion for new trial and sentence, he has appealed. He was represented in the trial court by court appointed counsel. In this court, however, he has filed a brief *pro se* which, although revealing an extensive acquaintanceship with criminal procedure, pays little heed to the valid assignments in his motion for new trial. See S.Ct. Rule 27.20, 42 V.A.M.S. We shall review the valid assignments in the motion for new trial and make use of the brief to the fullest extent possible. S.Ct. Rule 28.02. One of the assignments challenges the sufficiency of the evidence to support the verdict. The evidence introduced in behalf of the State would justify a finding of the following facts:

On January 28, 1958, and for 23 years prior thereto, Joseph L. Buschman owned and operated a tavern at 337–339 North Sarah Street in the City of St. Louis. It is on the west side of the street and immediately north thereof is a gasoline filling station. He also owned and kept in his tavern a locked iron safe, weighing 300–500 pounds, in which he had in excess of $100 in U. S. currency and in excess of $950 in checks. About 12:30 a. m. that night, Mr. Buschman set a burglar alarm maintained by him in the tavern, closed and locked the doors of the tavern and left the premises. The burglar alarm is so arranged that if a door or window of the tavern is opened an alarm is sounded at a central station and in a matter of seconds a police dispatcher is able to notify any patrol car in the immediate vicinity. About 2:02 a. m., Corporal Schmidt, a member of the metropolitan police department, while riding in a one-man patrol car about a block from the tavern, was directed by radio to go to

the tavern. As he approached, he saw a 4-door Dodge sedan parked on the sidewalk adjacent to the filling station, about ten feet from the front door of the tavern. Three men (defendant Russell, Rutherford and Brown) were at the back door of the car, on which both front doors and one rear door were open. As Schmidt arrived at the tavern, defendant entered the driver's side of the Dodge car and sat behind the wheel, at which time Rutherford also entered the car and sat beside defendant in the front seat and Brown was in the act of entering the front seat. Schmidt noticed that the front door of the tavern was open and stopped his car at the front of the tavern so that the headlights of his car were shining on the parked Dodge. He drew his pistol and stood in front of the Dodge, when he heard one of the men say, "Run over him." The three men were held at gun point until other patrolmen arrived within about two minutes, whereupon Schmidt took defendant from behind the steering wheel of the Dodge. The three men were taken to the police station by police officers who thereafter came to the scene, and an examination of the Dodge and the tavern was made by Schmidt and another officer.

The back seat of the Dodge was out of position and an iron safe, identified by Buschman as the safe kept by him in his tavern, was in the back part of the Dodge. A crowbar, two matched pairs of gloves and two odd gloves were also found in the car. Over objection of defendant, they were admitted in evidence. The safe was opened in the presence of Mr. Buschman at the police station and $104 in currency and checks of the face value of $951 were found therein, all of which was returned to Mr. Buschman. The door frame of the tavern, at the point of the location of the door locks, had been "jimmied". It showed fresh scratches and the paint was chipped. A picture of the door showing the scratches and chipped paint was identified by the witness Schmidt as an accurate portrayal of the condition found. On the floor inside the tavern were a "lockkeeper" (the metal slot in which the door lock is secured), a wheel and parts of a metal caster, which were identified by the witness and, over objection of defendant, introduced in evidence. The top of the bar inside the tavern showed a fresh scratch. A piece of plywood back of the bar had been shattered and the opening was vacant. A photograph, identified as showing the condition found at the back of the bar, was taken. Over objection of defendant, both photographs were admitted in evidence.

Over objection of defendant, the court admitted in evidence (1) circuit court records of the City of St. Louis showing the prior conviction of defendant of the six felonies alleged in the information and (2) State of Missouri Penitentiary records showing his imprisonment and discharge from the penitentiary upon compliance with the sentences imposed upon him pursuant to said convictions.

Defendant testified that he was a taxicab driver for Black and White Cab Company and was so engaged on the night in question; that at 2:00 a. m. that night he was driving his cab, with a man and woman as his passengers, in the vicinity of Sarah and McPherson Streets, about 250 feet from the place where he was arrested; that his taxicab stopped and he could not get the motor started; that he went to the Dodge car (at which he was arrested) to get assistance; that the policeman "put me in there" (referring to the Dodge car); that a car drove up and an officer jumped out, with a pistol in his hands; that he started to protest and the officer said, "No, you don't, get back in the car." He denied that he had ever been in the Buschman Tavern; denied that the gloves found in the Dodge car were his; denied that the crowbar found therein was his or that he had ever seen it prior to the trial; denied that he had ever seen the safe until he saw it at the police station; denied that he in any manner assisted in entering the tavern; and denied that he knew either of the men whom he found at the Dodge car. On cross-examination he was asked if he had

ever met Rutherford or Brown in the State Penitentiary, to which his counsel objected on grounds that the question assumed that they were in the penitentiary. After some colloquy the objection was withdrawn and defendant denied that he knew either of them. Defendant then admitted that he was confined in the penitentiary from July 23, 1953, until August 31, 1957, for the crimes of embezzlement by bailee and possession of burglar's tools, but disclaimed that he knew either Brown or Rutherford was there during any part of that time. Thereafter, over objection of defendant, the State was permitted to show by official records that Donald Edward Rutherford was received in the penitentiary on May 22, 1953, and discharged on January 8, 1957, and that Donald Edward Brown was received in the penitentiary on February 11, 1954, and discharged on September 18, 1957.

Defendant's contention that the evidence is insufficient to support the verdict and judgment must be denied. The burglary of the tavern and theft of the safe and its contents therefrom are shown beyond question. Defendant was discovered within a very short period of time thereafter at the scene of the crime at the moment he entered the Dodge car and sat behind the steering wheel, in the back seat area of which car was the stolen safe. Thus he was in physical possession of the car in which the stolen safe and its contents had recently been placed. That he was a cohort of the other men is readily inferable from the suggestion by one of them that he "run over" Officer Schmidt. His explanation of his presence at the scene of the crime and of his position in the Dodge car made, at most, a jury issue of his guilt of both the burglary and theft charged in the information. State v. Enochs, Mo., 98 S.W.2d 689; State v. Oliver, 355 Mo. 173, 195 S.W.2d 484, 485; State v. Denison, 352 Mo. 572, 178 S.W.2d 449, 455.

■ Defendant's next contention is that the court erred in admitting into evidence the records showing his prior convictions of the felonies alleged in the information, his confinement in the penitentiary pursuant to such convictions and his discharge therefrom. In the same connection he also contends that the trial court erred in refusing a mistrial on grounds that in his opening statement the prosecuting attorney stated that he would prove the aforesaid convictions and in his argument made reference to them. They were clearly admissible in evidence and it was not error for the court (1) to permit the prosecuting attorney to refer to them in his opening statement, (2) to admit into evidence the records showing such convictions, defendant's imprisonment under said convictions and his discharge from imprisonment upon compliance with the sentences imposed upon him, (3) to instruct the jury concerning them and (4) to permit reference to them in argument. Section 556.280 RSMo 1949, V.A.M.S.; State v. Davis, Mo., 251 S.W.2d 610, 615; State v. Martin, Mo., 275 S.W.2d 336, 338; State v. Garrison, Mo., 305 S.W.2d 447, 451. The contention is overruled.

■ Defendant also contends that the court erred in admitting into evidence the crowbar and the gloves found in the Dodge car for the reason that (1) they were not shown to be the property or in possession of defendant or to have been used in the commission of the crime, and (2) they did not tend to prove the crime of burglary or stealing and were prejudicial and tend to prove him guilty of a crime for which he was not on trial. Gloves and crowbars are generally known to be common tools of burglars and thieves. In this connection it is worthy of note that the lock on the door of the tavern had been "jimmied". The gloves would prevent the imprint of the fingers of those participating in the burglary and theft; the crowbar was adaptable to the "jimmying" of the lock; all were found in the Dodge car in close proximity to the stolen safe. These facts were a circumstance for the consideration of the jury and were admissible. State v. Davis, 80 Mo. 53.

■ The motion for new trial assigns error in the admission into evidence of the photographs taken of the front door and of the interior of the tavern. It alleges that they were not "correct portrayals of the objects shown therein at the time of the alleged occurrence." Suffice to say that each of the photographs was shown to correctly portray some of the violence that had been done to the premises during the perpetration of the burglary and asportation of the safe. The assignment is overruled.

■ Another assignment is that the court erred in restricting defense counsel in cross-examination of police officer witnesses concerning the operation of the burglar alarm system at the burglarized premises of Joseph Buschman. He does not point out the incident of which he complains and diligent search of the record shows only one incident of any restriction whatsoever. During the cross-examination of Officer Kaufman, counsel for defendant sought to elicit information from him as to "how that (the alarm system) works." When the witness indicated that he had no knowledge of how it worked, the court sustained an objection. Defendant's counsel then offered to prove by the witness "that on these burglar alarm systems, immediately upon signal being given to the dispatcher, relay is given to the police department, and that the police officer in the immediate vicinity answers the alarm, and that [the witness] would testify in this case that he answered the alarm within two or three minutes." The court sustained the objection of the State, stating: "Unless you can show he has knowledge of the situation, I will sustain the objection", and there the matter ended. The court obviously did not err in denying the offer of proof.

■ Defendant also assigns error in the giving of Instructions 2 and 7, contending that they did not clearly and fully state the law of the case, are misleading and confusing, assume facts not in evidence and tended to prejudice the jury.

Instruction No. 2, in substance many times approved, directed the jury that:

"All persons are equally guilty, who act together with a common intent in the commission of a crime, and a crime committed by two or more persons acting jointly, is the act of all and of each one so acting. However, the mere presence of one at or near the scene of a crime, does not render that person liable as a participator therein. If one is only a spectator, innocent of any unlawful act or criminal intent, and does not aid, abet, assist, advise or encourage another or others in the commission of a crime, that person is not liable as a principal or otherwise, and should be acquitted. If, however, a person be present, and by words or actions, aids, abets, assists, advises or encourages the crime, with the intent that the words or acts should encourage and abet the crime committed, then that person is equally guilty with the person or persons who actually commit the physical act."

Defendant's contention is that "there is no evidence showing that there were no (apparently, he means any) words used at the time of the alleged crime which showed that this defendant aided, abetted, assisted, advised or encouraged the crime." The instruction does not say that any such words were used. It merely defines in abstract terms how one may or may not become an active accessory and amenable to punishment for the commission of a crime as an aider or abettor. The contention is hypercritical and patently without merit.

■ The contention as to error in the giving of Instruction No. 7 is that "it advises the jury of defendant's previous convictions", and instructs the jury to assess the maximum punishment, and that it thereby tended to prejudice his right to a fair and impartial trial. The instruction, in substance, cautioned the jury that a finding of defendant's former conviction of any of the felonies shown in the evi-

dence and alleged in the information, his imprisonment in the penitentiary thereunder and his discharge upon compliance with the sentence or sentences imposed had no bearing upon the determination of his guilt or innocence of the burglary or stealing for which he was on trial, and that such prior convictions, if found, should be considered only as bearing upon his punishment if he was found guilty of the burglary or stealing, or both, for which he was on trial. It then hypothesized a finding of his guilt of either the burglary or stealing as hypothesized in detail in other instructions given in the case and a further finding of his former conviction, imprisonment and discharge from imprisonment under any one or more of the prior felonies shown in the evidence, and directed the jury that if it so found then it was the duty of the jury to assess his punishment at the maximum prescribed for such burglary and stealing, or burglary or stealing, as explained in other instructions. The instruction was meticulously drawn and followed the law with respect to prior convictions as prescribed under § 556.280, supra. The contention, for the reasons hereinbefore stated, is overruled.

 The motion for new trial assigns error in the giving of Instruction No. 8, with reference to circumstantial evidence. The contention is that it was misleading, confusing, assumed facts not in evidence and tended to prejudice and inflame the mind of the jury. Actually, it is an abstract cautionary instruction, assumes no facts, is favorable to defendant and is substantially in the form many times heretofore approved by this court. State v. Conway, 348 Mo. 580, 154 S.W.2d 128, 131; State v. Drake, Mo., 298 S.W.2d 374, 377. The assignment is overruled.

The remaining assignments in the motion for new trial are that the verdict is "against the evidence", "against the weight of the evidence" (a matter solely for the trial judge), "against the law", "against the law and the evidence and

the law under the evidence and the pleadings", and that the court "erred in admitting incompetent, irrelevant and immaterial evidence." They are general in their terms and, under the express provisions of S.Ct. Rule 27.20, present nothing for review.

The information duly charges defendant with the crimes of which he was convicted. He was personally present and represented by competent counsel throughout all stages of the trial and after-trial proceedings. The verdict is in due form and the punishment is within the limits fixed by law. Allocution was granted and the judgment and sentences imposed are in accord with the verdict and constitute a valid and binding judgment.

The judgment is affirmed.

All concur.