STATE of Missouri, Respondent,

v.

Donald Joseph NEWMAN, Appellant.

No. 51005.

Supreme Court of Missouri,

Division No. 2.

June 14, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, James N. Foley, Sp. Asst. Atty. Gen., Macon, for respondent.

Charles M. Shaw, Clayton, for appellant.

BARRETT, Commissioner.

Donald Joseph Newman, with a prior felony conviction and jointly charged with Richard Lee Bodeker, has been found guilty of attempted burglary and sentenced to four years' imprisonment.

In brief the circumstances were that about 4 o'clock on November 12, 1963, John H. Gorman locked and checked the doors and windows of his residence at 7519 Lindbergh Drive, particularly the rear and storm doors both of which were securely locked, and left the house unattended with valuable cameras and $200 in cash on the dresser. He returned home about 7 o'clock to find that the storm door had been "pried open, and the wood was all torn around the lock, the wood was torn loose from the

lock, the latch, and the inner door had also been pried to such an extent that the facing around the door had been pulled away from the wall." The rear of a house fronting on Woodlawn abuts and faces the rear of Gorman's house and it developed that Mrs. O'Keefe, the neighbor, reported to the police that someone was attempting to gain entrance to the rear of the Gorman home. Police officers cruising in the area received a call at 5:52 and immediately drove to 7519 Lindbergh and a second police car parked in front of the residence on Woodlawn. Visibility was still good, "(i)t wasn't quite dark" the officer said, and Officers Riley and Wild "observed three white subjects at the rear door at that address." They were only 10 to 15 feet away, the officers in uniform yelled "halt, we're police officers" but "all three started to run west" between the houses and Officer Wild fired a shot into the air. The appellant Newman though not hit fell to the ground yelling either "I'm shot, I'm shot" or "I'm dead, I'm dead." His glasses fell off and when the officers came up Captain Riley recognized Newman and he had on a "pair of brown gloves." Police officers in the car on Woodlawn arrested Bodeker and the third person got away. In Newman's rear pocket there was a flashlight and six or eight feet from the rear door a screwdriver was found. Wild in describing the actions of the "subjects" from a distance of 6 to 7 feet said "all of them were crowded up towards the door" and "(t)he storm door was open" and they all "turned and ran" and Wild said "stop or I'll shoot."

■ Needless to say these briefly noted circumstances support, in the language of the applicable statutes (RSMo 1959, §§ 556.150, 560.045, V.A.M.S.), the charge of attempted burglary. State v. Kiddoo, Mo., 354 S.W.2d 883; State v. Whitaker, Mo., 275 S.W.2d 322. As a matter of fact all of the appellant's assignments of error in his motion for a new trial, prepared by an experienced and eminently qualified lawyer, are directed to trial errors, the giving and refusal of instructions and the argument of state's counsel. One of the eleven assignments of error has some relationship to the case on its merits, the failure to give "a correct and proper converse instruction." Aside from the generality of the assignment and its failure to point out how the appellant was harmed by this alleged failure, as in that the subject was not covered by other instructions, it does not appear that he offered a specific converse instruction and of course is therefore in no position to complain of the lack. State v. Engberg, Mo., 377 S.W.2d 282.

■ Somewhat related are the two assignments that the court erred in refusing offered instructions on circumstantial evidence and a third on failure to instruct as a part of the law of the case on the lesser and included offense of "malicious destruction of property." Given instruction 3 was the conventional circumstantial evidence instruction and it is not pointed out here that there are any special or exceptional circumstances making the given instruction inadequate in any manner and so it was not error to refuse other instructions on the same subject. State v. Bradley, 361 Mo. 267, 234 S.W.2d 556; State v. Maher, Mo.App., 276 S.W. 1034. The other assignment does not call for detailed analysis and discrimination, it is sufficient here to say in answer to the only specific claim made that malicious destruction of property is not an included and lesser offense under the governing burglary and attempted burglary statutes. State v. Drake, Mo., 298 S.W.2d 374; State v. Hadley, Mo., 364 S.W.2d 514.

■ Three assignments have to do with alleged error in the giving of instructions; in that number 1 "did not negate all of the possible defenses" and "contained nothing concerning a voluntary abandonment of the enterprises" on his part, and that instruction 2 "does not fairly and impartially present to the Jury the Defendant's position of merely being present at the scene." There is also an affirmative assignment that the

court erred in refusing to give instructions A, C and D, all of which purported to submit in one form or another that he was a mere spectator or as said in his motion that "he was present when the burglary was committed but that he did nothing toward the perpetration of the crime." In the first place, unless the appellant's flight with his companions when the police surprised them in the act of breaking is construed as a withdrawal, an unlikely inference, there is no evidence of Newman's repentance, withdrawal or in his language of "voluntary abandonment of the enterprises" and hence no basis for the hypothesis of innocence on this theory. As a matter of fact instruction 1 was the principal instruction and hypothesized all the relevant facts and circumstances which if found constituted the offense. In the first paragraph there was this concluding sentence: "Unless you so find all the facts to be as aforesaid, you will acquit the defendant." Following that sentence is the separate paragraph: "Before you can find the defendant guilty of Attempted Burglary in the Second Degree, you must find from the evidence beyond a reasonable doubt that there was an attempt to break and enter into said dwelling house * * *." As to mere innocent presence at the scene the motion does not indicate just how the following sentences from instruction 2 could make the matter plainer: "However, the mere presence of one at or near the scene of a crime does not render him liable as a participator therein. If one is only a spectator, innocent of any unlawful act or criminal intent, and does not aid, abet, assist, advise or encourage another or others in the commission of a crime, that person is not liable as a principal or otherwise and should be acquitted." These quotations from given instructions are sufficient in themselves to refute these particular assignments of error. State v. Russell, Mo., 324 S.W.2d 727.

Related to these assignments is the claim that the court's prefatory instruction in which the court in a general way informed the jury of the nature of the charge, the defendant's plea of not guilty and the duty of the court to instruct the jury as to the law was erroneous. The last paragraph told the jury that the issue submitted to them was whether the defendant was guilty or not guilty and concluded "and you will not assess any punishment if you find the defendant guilty as charged and as hereinafter set forth and defined in these instructions." It is assigned as error that this instruction "impressed upon the jury the words *guilty*," particularly since the jury was informed that its function was not to assess punishment "if they find the Defendant guilty." It is not too clear just what the assignment means, it may be too indefinite for purposes of review. It probably has to do with the fact that since the appellant was a second offender the jury's only function was to find the defendant guilty or not guilty; if they found him guilty the court fixed the punishment. RS Mo 1959, § 556.280, V.A.M.S. If this is the point to the assignment virtually the same claim was made and rejected in State v. Hadley, Mo., 364 S.W.2d 514, 518.

As to the course and conduct of the trial there is an assignment that the court erred in refusing to give instruction F concerning, in the language of the motion, "an oral statement (was) made by the Defendant to the Richmond Heights Police officers which oral statement was exculpatory in nature." Neither the instruction nor the motion indicates just what evidence, particularly any impressive exculpatory statement, defendant had in mind. 23A C.J.S. Criminal Law § 1235, p. 593. As noted, the only possible spontaneous statements were "I'm dead, I'm dead" or "I'm shot, I'm shot." On cross-examination of the officers defense counsel did develop that Newman had told them that he worked at Lammert's and was riding a Maplewood bus home and got off at Big Bend and Lindbergh, 300 feet from 7519 Lindbergh, to respond to an urgent "call of nature." Any inference favorable to the defendant from this evidence is indeed tenuous. In any event upon this record and this assign-

ment the appellant was not prejudiced by the court's refusal to give an instruction the last sentence of which is "The Defendant is entitled to the benefit of what he said in his own behalf if you believe it is true, but, if you do not believe it is true, you are not bound to consider it." State v. Phillips, Mo., 299 S.W.2d 431, 435–436; State v. Talbert, 351 Mo. 791, 174 S.W.2d 144; State v. Lyles, 351 Mo. 1174, 175 S.W.2d 587.

■ The final assignment of error has to do with a statement by the prosecuting attorney in the course of his closing argument. He was describing the scene and the circumstances of the police suddenly coming upon the appellant and his accomplices: "They went around the house. Who was there? Three people at the rear door, they told you. It stands uncontradicted. *When the State closed its case the defense could have put on any evidence they wanted.*" It is objected of course that the italicized statement is an infringement of the defendant's not testifying and the specific proscription that the fact may not "be referred to by any attorney in the case." RSMo 1959, § 546.270, V.A.M.S.; Criminal Rule 26.08, V.A.M.R. There is no indication that the statement was in fact an intentional evasion of the prohibition. But it is not necessary upon this record to analyze the cases, almost identical arguments were recently considered in State v. Hayzlett, Mo., 265 S.W.2d 321, 323, State v. Michael, Mo., 361 S.W.2d 664, 666, and State v. Tallie, Mo., 380 S.W.2d 425, 430, and it was concluded in those cases, applying the ultimate test of whether in fact the jury's attention had been called to the fact that the accused had not testified, that the safeguarded right had not been infringed.

As indicated, the information was proper in form and supported by proof, the appellant was heard on his motion for a new trial (RSMo 1959, § 546.580, V.A.M.S.) and there are no errors upon the record before the court. Criminal Rule 28.02. And since, as indicated, there is no merit in the assignments of error in the motion for a new trial the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.