JIMMY C. GOSSETT ET AL *v.* STATE

5255                                    414 S. W. 2d 631

Opinion delivered May 15, 1967

*Brown, Compton & Prewett*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

PAUL WARD, Justice. Edward Easley and Jimmy C. Gossett and his wife were charged with the ''crime of possessing burglary tools''. Upon trial they were convicted as charged and sentenced to two years in the penitentiary.

Appellants were charged and tried under the provisions of Ark. Stat. Ann. § 41-1006 (Repl. 1964) which, in all material parts here, reads:

''Any person who . . . has in his custody . . . any

tools, false key, lockpick, bit, nippers, fuse, force screw, punch drill, jimmy, bit, or any material, implement or other mechanical device whatsoever, adapted, designed or commonly used for breaking into any vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwelling house, or door, shutter, or window of a building of any kind, shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than [2] years, nor more than ten [10] years.''

The facts are not in dispute. Early one morning a cream colored Buick car was seen parked at Charlie's Drive-In which is located in the City of Magnolia. The occupants of the car appeared to be tampering with a cigarette machine placed outside of the Drive-In building. A policeman, who had been promptly notified, apprehended appellants in a Buick car similar to the one above mentioned. There was found in the car a tire tool, two screw-drivers, a lug wrench, and a bar used to remove tires from car wheels. Appellants were arrested, and were charged and convicted as above mentioned.

At the close of the State's testimony appellants moved the court to direct a verdict in their favor. The motion was denied, hence this appeal.

It is our conclusion that the court erred in refusing to grant appellants' motion.

It appears from the record that all the tools found in appellants' possession are in common, daily use in connection with the operation of automobiles—except, perhaps, the screw-drivers which are commonly used in homes and shops. The sheriff, who was a witness for the State, testified, in substance: I know what these tools are; they are two screw-drivers, a lug wrench, and a bar that is commonly used to take tires off cars wheels— I carry one in the back end of my car; most cars are equipped with a lug wrench—I have one in my car; the

bar is used to mount tires or take tires off of a wheel—that is the purpose of it; the screw-drivers are in common use in households and are carried in automobiles.

It is true, as shown by the testimony, that any one of the above mentioned tools could be used to pry open a door or break into a house, but so could a pocket knife. Such a showing is not sufficient for a felony conviction under the statute previously quoted. The burden was on the State to prove beyond a reasonable doubt that at least one of these "tools" was designed or commonly used in committing burglary. It is our firm conviction that the State failed to meet this burden.

The case of *Satterfield* v. *State,* 174 Ark. 733, 296 S. W. 63, reversed a conviction obtained under the same statute here involved where the evidence was less favorable to the accused than here. In the cited case the accused had in his car two bolt cutters, four files, one hammer, two Stillson wrenches, a flashlight, and a pistol. In that case the Court said:

> "We cannot attribute to the Legislature the intention to prohibit the making, mending, designing, setting up or having in possession of the common, ordinary everyday work tools of a mechanic, plumber, carpenter, farmer or other person who may require such tools in business, trade or profession. If so, the act would be unconstitutional and void."

The State relies on the case of *Prather* v. *State,* 191 Ark. 903, 88 S. W. 2d 851. That case, however, is not controlling or even persuasive in this case because the accused had in his possession nitroglycerin.

Reversed.

BROWN, J., disqualified.