STATE of Missouri, Plaintiff-Respondent,

v.

William G. WITTMANN, Defendant-Appellant.

No. 34910.

Missouri Court of Appeals,
St. Louis District.

Oct. 8, 1974.

Motion for Rehearing or Transfer to Court
En Banc Denied Nov. 13, 1974.

Application to Transfer Denied Jan. 13, 1975.

Deeba, DeStefano, Sauter & Herd, James B. Herd, George D. Johnson, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., Charles Merz, Asst. Pros. Atty., Clayton, Dan Summers, Karen Harper, Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant was found guilty by a jury of an attempt to commit arson and his punishment was set by the jury at five years. He appeals from the judgment entered in accord with the verdict.

No attack is made upon the sufficiency of the evidence to support the verdict. In response to a call reporting a prowler a Wellston police officer entered a vacant house on Ridge Avenue. He immediately discovered a timing device connected to a heating coil to which kitchen matches had been taped. In close proximity were plastic bags containing a clear liquid later found to be gasoline. After disconnecting the plugged-in timer the officer heard footsteps on the floor above and after identifying himself ordered whoever was there to come down. After a short time defendant came down the stairs and was arrested. Further examination of the premises by the police and fire departments revealed holes cut through the floors, plaster stripped off revealing wooden studding, wadded newspapers and plastic bags of gasoline throughout the house, and furniture stacked against the weight bearing walls. Expert testimony indicated that the matches would have ignited within two seconds after the timer actuated the heating element and that a fire would have been out of control within five minutes thereafter and would have resulted in total destruction of the house as a structure. A roll of tape was found in defendant's pocket, the end of which, an expert testified, matched an end of the tape used to secure the matches to the heating coil. A woman living next door to the house identified defendant as one of three men she had seen carrying bags into the house earlier in the afternoon. Defendant's evidence was that he had entered the house shortly before the arrest for the purpose of fixing it up for a tenant.

Before being taken to the police station defendant identified an automobile parked nearby as belonging to him and requested that the police take it somewhere for safekeeping. This was done. Both before taking custody of the vehicle, and after, various police officers looked into the locked vehicle and saw on the seat or front floor or between the seats a box bearing the inscription "Rodale Heating Element." Two days later federal agents of the Internal Revenue Service (aware of the arrest and what had been found in the house) entered defendant's car and seized two heating elements. This seizure was based upon the provisions of the National Firearms Act, 26 U.S.C.A. § 5801 et seq. and 26 U.S.C.A. §§ 7301, 7302 and 7321, and the agent's belief that the vehicle contained a destructive device as defined in 26 U.S.C.A. § 5845. Subsequent proceedings in federal court to invoke a forfeiture of the vehicle were dismissed by the Court and the automobile was returned to defendant.

Defendant premises error upon the failure of the trial court to suppress the heating elements seized from his car. These two elements plus the one found in the house had retail prices which matched the prices shown on a sales slip from Central Hardware found on defendant's person.

"The ultimate standard set forth in the Fourth Amendment is reasonableness." Cady v. Dombrowski, 413 U.S. 433, 1. c. 439, 93 S.Ct. 223, 1. c. 2527, 37 L.Ed.2d 706 (1973).

The dissent in Cady sets out four exceptions to the "per se unreasonableness" rule governing warrantless searches. The seizure here was justified under at least two of those clearly recognized exceptions. Defendant was caught in a building set-up for arson. One of the key components of the incendiary device in place in the house was a heating element similar to the one in plain view in defendant's self-identified automobile. There was basis to believe that the wiring of the incendiary device in the house was set-up to attach additional heating elements in other parts of the house. The discovery of the element

in defendant's car was not the product of a search, it was in plain view. Its subsequent seizure was not unreasonable. See Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

■ Additionally, the federal agent had reasonable grounds to believe that the vehicle contained a destructive device, and was entitled to search the vehicle in connection with the seizure of the vehicle for purposes of a forfeiture proceeding. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). The agent's knowledge of a fully rigged incendiary device in the house, defendant's presence therein at the time, and the presence of a component part of such device in plain view in defendant's car warranted the conclusion that the automobile contained the components for another such device. The federal court determination that no forfeiture could be invoked does not relate back to the reasonable grounds that existed at the time of the seizure, nor does the fact that all necessary components of an incendiary device were not in fact in the car does not mean the seizure and resultant search were not based on probable cause. We find no error in the admission of the seized items into evidence.

■ Defendant complains that the verdict directing instruction was erroneous in failing to require a finding that the structure was a "dwelling house" or that it was the "property of another." Defendant was charged under Sec. 560.035, RSMo 1969, V.A.M.S., which makes an attempt to commit any arson listed in the preceding five sections a felony. Defendant was charged with attempting to set fire to a "house, located at 6621 Ridge, City of Wellston, the property of one Kurt Kopman . . . ." The completed crime of arson charged would fall under Sec. 560.025, RSMo 1969, V.A.M.S.,

"Arson of public or private property" and not under Sec. 560.010, RSMo which covers "Dwelling houses." That the house is also a "dwelling" is an element of the crime under 560.010; it is not an element of the crime enunciated in 560.025.

■ That the house is the property of another is an element of Sec. 560.025 and therefore of an attempt to burn such house. Although it is error for an instruction to assume a contested fact, "it is not reversible error [for an instruction] to assume the existence of a fact which has been clearly proven and is undisputed." State v. Brown, 391 S.W.2d 903 (Mo.1965) [3–5]. While defendant contends that there exists a "real issue" of ownership, that issue, if it exists, is which of two persons other than defendant owned the property. Not only was it undisputed that the property was not owned by defendant, the defendant had previously under oath at the suppression hearing admitted it was not his property. We are unable to find prejudicial error in the court failing to submit this element which was not only undisputed, but admitted. State v. Moore, 80 S.W.2d 128 (Mo.1935) [6, 7].

Defendant's attack on the aider and abettor instruction is squarely ruled by State v. Russell, 324 S.W.2d 727 (Mo.1959) [11] and is without merit.

Defendant's remaining points deal with matters within the discretion of the trial judge. We have carefully considered these points and the record and are unable to conclude that an abuse of discretion occurred in any instance. Discussion of these points would have no precedential value.

Judgment affirmed.

McMILLIAN and GUNN, JJ., concur.