[No. A040817. First Dist., Div. One. May 22, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY LEE DARLING, Defendant and Appellant.

COUNSEL

Donald S. Altschul for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Catherine A. Rivlin and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HOLMDAHL, J.—A jury found appellant Jerry Lee Darling guilty of burglary. (Pen. Code, § 459.)[1] On appeal he argues it was error to admit evidence he was carrying a screwdriver when apprehended. For the following reasons, we affirm.

### Factual and Procedural Background

On August 21, 1987, at approximately 5:30 p.m., Roger Menefee arrived home, entered his house, and left the garage door open. At 7 p.m.,

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

Menefee's friend, Michael Doane, drove up and saw appellant stepping out of Menefee's garage carrying a briefcase. Doane asked appellant what he was doing and appellant responded that he wasn't stealing anything.

Menefee came out of the house and identified his briefcase, which he had left sitting on a desk in the garage. Appellant complied with a request to empty his pockets, and produced a calculator and adapter cord, taken from a drawer in Menefee's desk. A screwdriver fell from appellant's pocket.

Neither Doane nor Menefee noted a smell of alcohol on appellant's breath, nor did they notice bloodshot eyes or difficulty walking or speaking. Officer Butler responded to Menefee's call to the police. She noted that appellant appeared to be a street person, with a light odor of alcohol on his breath. She did not think he was intoxicated, and stated that he was able to care for himself and find his way home.

Appellant testified that he found the screwdriver in a trash dumpster that morning in the downtown area of San Francisco. He recalled being near 7th and Market Streets in the afternoon, but had no recollection of the events at Menefee's home, due to alcohol and heroin intoxication. Appellant did not know where Menefee's neighborhood was, and could not recall how he got there.

On September 21, 1987, appellant was charged with burglary, and three prior convictions. (§ 667.5, subd. (b).) He pleaded not guilty. On October 27, 1987, the court denied an *in limine* motion to exclude evidence that appellant was carrying a screwdriver. On October 29, 1987, the jury found him guilty of burglary. The trial court subsequently found the allegations regarding appellant's prior convictions to be true and sentenced appellant to a total of five years in prison.

*Discussion*

The sole issue raised on appeal is that the court erred in denying appellant's motion to exclude evidence regarding the screwdriver. Appellant contends that the evidence was irrelevant because the burglary was not accomplished by means of a screwdriver. Lacking this connection, he claims that the evidence is nothing more than improper character evidence that appellant was the type of person who carried burglar tools.

Appellant cites a number of cases in support of this contention, but the vast majority of the cases involve the attempted introduction of a burglary tool to prove that the defendant was the burglar. Thus, in *People* v. *Winters* (1866) 29 Cal. 658, the court stated: "Burglarious tools found in the

possession of the defendant soon after the commission of the offense may be offered in evidence whenever they constitute a link in the chain of circumstances which tend to connect the defendant with the commission of the particular burglary charged in the indictment." (*Id.,* at p. 659.) The *Winters* court required evidence that the burglary at issue was actually committed by use of tools before admitting the tools as circumstantial evidence that the defendant was present at the scene. Similarly, in *People* v. *Wilson* (1965) 238 Cal.App.2d 447 [48 Cal.Rptr. 55], a portion of the tools found on defendant's person was offered to show that the defendant committed the burglary. The court found the tools admissible on this issue if they were "reasonably adapted" to accomplishing the illegal entry. (*Id.,* at p. 463.)

Other cases cited by appellant involve convictions of possession of burglary tools under statutes of other states which proscribe such possession. These cases are not applicable here, as they involve possession of common tools without evidence of the statutory element of intent to use them in a burglary. (*Gossett* v. *State* (1967) 242 Ark. 593 [414 S.W.2d 631, 632] [mere possession of common tools insufficient to support conviction for possession of tool "commonly used for breaking"]; *Diefenbach* v. *State* (1944) 245 Wis. 468 [14 N.W.2d 908, 908-910] [possession of "simple tools," including screwdriver and hammer, not within statute proscribing possession of tools designed for " '. . . cutting . . . or breaking open any building, room, vault, safe, or other depository . . . .' "]; *Burnette* v. *State* (1983) 168 Ga.App. 578 [309 S.E.2d 875, 878] [possession of hammer, pliers, screwdrivers, hatchet, and chisel held not to be tools commonly used in commission of burglary absent evidence of intent to so use them]; *State* v. *Morgan* (1966) 268 N.C. 214 [150 S.E.2d 377, 381] [tools with common uses, not connected with actual burglary, are not implements of housebreaking per statute]; see also, *Cook* v. *Superior Court* (1970) 4 Cal.App.3d 822, 829 [84 Cal.Rptr. 664] [possession of "shims" without intent to use in burglary and, in absence of admissible evidence that any burglary occurred, insufficient to support conviction for possession of burglary tools].)

In assessing the relevance of a particular item of evidence, a trial court starts with the premise that relevant evidence is evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) Here, the only disputed fact was whether appellant formed the intent to commit larceny or any felony when he entered Menefee's garage. (§ 459.) ██ ██ "The intention with which an act is committed is ordinarily a question of fact for the jury and may be properly inferred from the surrounding circumstances. [Citation.]" (*People* v. *Martone* (1940) 38 Cal.App.2d 392, 393-394 [101 P.2d 537].) "Evidence of the behavior of the accused is compe-

tent if it tends to prove intent, . . ." (*People* v. *Sturman* (1942) 56 Cal.App.2d 173, 182 [132 P.2d 504].)

In *People* v. *Wilson, supra,* 238 Cal.App.2d 447, plastic strips found in defendant's pocket were "reasonably adapted to the performance of the entry which is in fact effected." (*Id.*, at p. 463.) However, bolt cutters, a sack, gloves, penlights, and a watch cap seized from defendant who fled the burglary scene were relevant to the issue of felonious intent, although not actually used in the burglary. ▮▮ In the instant case, there is no disputed issue as to whether appellant was the one who took the briefcase and calculator from Menefee's garage. Thus, there is no need to show that the screwdriver was, or could have been, used to accomplish the burglary. The relevance of this particular item is that it tends to prove appellant took a screwdriver and went to a distant neighborhood for the purpose of using the screwdriver to commit a burglary. When the burglar is caught on the premises, holding the stolen items, and claims he was too drunk to form the intent to commit larceny, evidence that he brought a screwdriver with him to the scene is relevant on the issue of intent. ▮▮ ▮▮ ▮▮ (See, e.g., *People* v. *Gibson* (1949) 94 Cal.App.2d 468, 471 [210 P.2d 747] [defendant's appearance in an alley with a ladder and bag of tools including a sledge hammer, bits, braces, flashlight, and rope supports deduction that defendant's purpose was burglary].)[2]

▮▮ We find no abuse of the trial court's broad discretion in admitting the evidence. (*People* v. *Green* (1980) 27 Cal.3d 1, 19 [164 Cal.Rptr. 1, 609 P.2d 468], disapproved on other grounds in *People* v. *Hall* (1986) 41 Cal.3d 826, 834, fn. 3 [226 Cal.Rptr. 112, 718 P.2d 99].)

The judgment is affirmed.

Racanelli, P. J., and Stein, J., concurred.

---

[2] Regarding the contention that the screwdriver is evidence of a character trait excluded by Evidence Code section 1101, we note that even character evidence may be admissible on the issues of intent, preparation, and plan. (*People* v. *Rodriguez* (1986) 42 Cal.3d 730, 757 [230 Cal.Rptr. 667, 726 P.2d 113].)